463 So.2d 783 (1985)
STATE of Louisiana, Appellee,
v.
Connie Ray EASTON, Appellant.
No. 16289-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Clyde Lain, II, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Carl Parkerson, Dist. Atty., Monroe, Allen Harvey, Asst. Dist. Atty., Bastrop, for appellee.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
SEXTON, Judge.
The defendant was convicted by a jury of the offenses of purse snatching and second degree battery. Subsequent to being charged as a habitual offender pursuant to LSA-R.S. 15:529.1, and being sentenced to consecutive terms of eighteen years at hard labor and ten years at hard labor, respectively, the defendant appeals. The defendant only argues the assignment of error alleging excessive sentence and thus the other two assignments are deemed abandoned. State v. Williams, 338 So.2d *784 672 (La.1976). Finding "an error that is discovered by a mere inspection of the pleadings and proceedings," we vacate the sentence and remand. LSA-C.Cr.P. Art. 920(2).
The defendant was convicted of the instant offenses on September 13, 1983. The state filed a habitual offender bill of information on October 11, 1983, and the defendant was called for sentencing on October 28, 1983. On that occasion, the trial court reviewed the violent nature of the offense, the extent of the victim's significant medical expenses, and the defendant's two previous felony convictionsall as reflected in the pre-sentence report. Subsequent to this review, the court inquired of the defendant if "both of those convictions [are] correct," to which the defendant responded, "Yeah."
LSA-R.S. 15:529.1 requires that upon the filing of a habitual offender bill of information the trial court
"shall inform [the defendant] of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true."
Thus, in this case the trial court did not inform the defendant of the nature of the allegations or of his right to be tried "as to the truth thereof." Moreover, the trial court did not "require the offender to say whether the allegations are true." It was simply inquiring of the defendant as to the correctness of the information contained in the pre-sentence report. This fact is emphasized by the circumstance that the trial court's inquiry related to two offenses and the multiple offender bill only charged one previous offense. These failures constitute error. State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983).
However, because the defendant only objected to the excessiveness of the sentence at the time of sentencing and apparently concedes the existence of the previous offenses before us, the central issue for consideration herein is whether the failure to adhere to this specifically required procedure of our law is "an error that is discoverable by the mere inspection of the pleadings and proceedings and without inspection of the evidence" as per LSA-C.Cr.P. Art. 920(2). In other words, is it an "error patent" on the record? We conclude that it is.
The arraignment and the plea of the accused form part of the record. State v. Oliveaux, 312 So.2d 337 (La.1975). However, a habitual offender proceeding is in the nature of penalty enhancement rather than a prosecution, State v. Stott, 395 So.2d 714 (La.1981), and is not a trial but is part of the sentencing procedure. State v. Langendorfer, 389 So.2d 1271 (La.1980).
Thus, while the habitual offender hearing does not reach the status of a trial and the initial inquiry may not actually be an arraignment, our law requires certain formalities which are obviously intended to render due process to the defendant by informing him of the nature of the proceedings and his rights to a fair hearing. This hearing is not a hollow one, and the defendant's adjudication as a habitual offender is not necessarily automatic even though it may appear that the defendant has been previously convicted; for if the defendant denies the offense or remains silent when inquired of by the trial judge, our law requires that the state prove any offenses used to enhance.
We therefore conclude that under the circumstances here presented, an error patent on the face of the record exists and that the sentence must be vacated and the cause remanded for further sentencing proceedings not inconsistent herewith.
VACATED AND REMANDED.