511 So.2d 1204 (1987)
STATE of Louisiana, Appellee,
v.
Mark COLEMAN, Appellant.
No. 18720-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
Dennis Grady Stewart, Winnsboro, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., William Coenen, Jr., Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before HALL, JASPER E. JONES and LINDSAY, JJ.
HALL, Chief Judge.
Defendant, Mark Coleman, was convicted by a jury of simple burglary in violation of LSA-R.S. 14:62. After pleading guilty to an habitual offender bill charging him as a second felony offender, defendant was sentenced on September 10, 1986 to imprisonment at hard labor for 24 years. Defendant appeals his sentence asserting that the trial court failed to consider the mitigating factors set forth in LSA-C.Cr.P. Art. 894.1 and imposed an excessive sentence. For the reasons set forth in this opinion, defendant's sentence is vacated and this case is remanded for resentencing.
When defendant pled guilty to the habitual offender bill, the following colloquy occurred with the judge:
MR. MCINTYRE:
Your Honor, it is my understanding Mr. Coleman has now changed his mind and would like to enter a plea of guilty to the Habitual Offender Petition.
THE COURT:
Is that correct, Mr. Coleman?
MR. COLEMAN:
Yes.
THE COURT:
Mr. Stewart?

*1205 MR. STEWART:
Your Honor, I have discussed this matter with him and told Mr. Coleman that he has a right to a hearing and I told him also that the District Attorney has indicated that he agrees that he should be determined to be a second felony offender rather than a fourth felony offender. With that understanding, that he is to be a second felony offender I believe Mr. Coleman would waive his right to a hearing and would plead guilty as a second felony offender.
Immediately following defense counsel's statement, the trial court stated brief sentencing considerations and pronounced defendant's sentence.
LSA-R.S. 15:529.1 D requires that upon the filing of an habitual offender bill, the trial court "shall inform [the defendant] of the allegation contained in the information and of his right to be tried as to the truth thereof according to the law and shall require the offender to say whether the allegations are true." The statute further provides for sentencing if the defendant acknowledges or confesses the previous felony or felonies in open court, "after being duly cautioned as to his rights...."
In this case, as in State v. Easton, 463 So.2d 783 (La.App. 2d Cir.1985), the trial court did not inform the defendant of the nature of the allegations or of his right to be tried "as to the truth thereof" nor did the trial court require the offender to say "whether the allegations are true." Although defendant did not complain of the trial court's omission, such omission is an error patent on the face of the record which requires that defendant's habitual offender adjudication and sentence be vacated and the case remanded in order to comply with due process requirements that defendant be informed of the nature of the proceeding against him and receive a fair hearing. State v. Easton, supra. See also State v. Walker, 432 So.2d 1057 (La.App. 3d Cir.1983).
The transcript of the sentencing hearing indicates that the trial court considered the aggravating circumstances set forth in LSA-C.Cr.P. Art. 894.1 but failed to consider any mitigating factors which may be applicable. The brief articulation of sentencing considerations by the trial court is insufficient to comply with LSA-C. Cr.P. Art. 894.1 and to support a maximum sentence for this 17 year old offender. Upon resentencing, the trial court will have an additional opportunity to comply with LSA-C.Cr.P. Art. 894.1 and articulate his reasons for a sentence commensurate with the offense and the offender.

DECREE
Defendant's conviction of simple burglary is affirmed, but his adjudication as a second felony offender and his sentence are hereby vacated and the case is remanded for further habitual offender and sentencing proceedings consistent with LSA-R.S. 15:529.1 D and LSA-C.Cr.P. Art. 894.1.
CONVICTION AFFIRMED; ADJUDICATION AS SECOND FELONY OFFENDER AND SENTENCE VACATED; CASE REMANDED.