529 So.2d 454 (1988)
STATE of Louisiana
v.
Roosevelt SIMS.
No. KA 87 1522.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Writ Denied November 11, 1988.
*455 Warren Daigle, Asst. Dist. Atty., Houma, for plaintiff and appelleeState.
Anthony Champagne, Indigent Defenders Office, Houma, for defendant and appellantRoosevelt Sims.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Roosevelt Sims was charged by bill of information with attempted second degree murder. He was tried by a jury, which returned a verdict of guilty to the responsive offense of aggravated battery, a violation of La.R.S. 14:34. Defendant stipulated to the provisions of a bill of information filed by the state, charging that he was a habitual offender within the provisions of La.R.S. 15:529.1. The trial court imposed the maximum sentence of twenty years at hard labor. Defendant appealed, urging eight assignments of error and briefing seven.[1] Assignments of error not briefed on appeal are considered abandoned.

FACTS
Defendant was charged with the attempted murder of Benjamine Theriot. Defendant and the victim were acquaintances of long standing. Defendant testified that various sources told him the victim had publicly stated that defendant was a police informant and, as a result, defendant feared for his life. The incident from which these charges arose occurred in the *456 early evening of January 7, 1987. On that date, defendant was visiting friends who lived across the street from him. The victim accompanied a mutual acquaintance, Gerald Lyons, to the same house, where Lyons was to pick up his nephew. The victim remained seated in the car as Lyons stood outside, awaiting his nephew's arrival. Defendant and Lyons's nephew left the house together and walked to the street. Defendant noticed Lyons's car parked near the house and asked him who was seated in it. According to the victim, when defendant learned he was inside the car, defendant pulled a gun and stated, "Oh, I wants to kill that bitch. He's been talking about me." Lyons attempted to intercede, wrestling with defendant and causing him to fire a shot into the air. Defendant then fired several shots through the car door. Theriot was shot twice, once in each leg. He opened the door and attempted to step out of the car. Defendant returned and shot him once more, striking the victim in the torso. During emergency surgery, a bullet was removed from Theriot's stomach.
Defendant claimed that he walked over to the car to talk to Theriot and try to dissuade him from repeating the accusation that defendant was an informant. He testified the victim told him, "You're worse than it should be worse and he ought to be dead." Defendant further testified that he fired a warning shot into the air as he saw the victim slide across the front seat with a shiny object in his hand. He fired at the victim's legs when Theriot attempted to get out of the car. Defendant further testified that, as he was leaving, he saw the victim get out of the car. Defendant returned and shot Theriot again to prevent the victim from pursuing him. Defendant then walked across the street to his house.
During the altercation, Lyons left the scene to call the police. Defendant was apprehended minutes later as he returned. He had gone back to his house to reload the gun.
After his arrest, defendant gave a statement to the police in which he admitted that he shot Theriot but stated that he believed the victim had a weapon and was about to pursue him. A pair of scissors, which belonged to Theriot, was found on the passenger seat of Lyons's car. The victim testified that he used the scissors to cut and clean his fingernails and that he carried them with him at all times.

DENIAL OF CHALLENGE FOR CAUSE

[Assignments of error one and two]
By these assignments of error, defendant argues that the trial court erred by denying his challenges of two prospective jurors. In assignment of error number one, defendant contends that the court erred by denying his challenge of Raoul Soignet, who stated during the voir dire that he felt it would be difficult to give defendant a fair and impartial trial if defendant did not testify. In assignment of error number two, defendant submits the trial court erred by denying his challenge of Katie Parfait, who testified that she believed defendant must be guilty because he had been charged with a crime. Both of the jurors were excluded by peremptory challenges. Defendant exercised all of his peremptory challenges.
An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La.Const. art. I, section 17. The purpose of the voir dire examination is to determine the qualifications of prospective jurors "by testing their competency and impartiality and discovering bases for [the] intelligent exercise of cause and peremptory challenges." State v. Burton, 464 So.2d 421, 425 (La.App. 1st Cir.), writ denied, 468 So.2d 570 (La.1985). The trial court is vested with broad discretion in ruling on a challenge for cause, which ruling will not be disturbed absent a showing of abuse of that discretion. State v. Comeaux, 514 So.2d 84 (La.1987).
During questioning by the court, Mr. Soignet testified that he would be affected by defendant's failure to take the stand. He indicated that his feelings were based in part upon his opinion that, if accused of a crime, he would want to explain his side. Upon further questioning, Mr. Soignet related *457 that he could put that opinion out of his mind and give the state and defendant a fair trial. The trial court specifically inquired whether or not he was so set in his opinion that he could not give an accused a fair trial. Mr. Soignet testified that he was sure that he could. The court later asked Mr. Soignet whether or not he could follow the law instructed by the court and if he would want a juror with the same opinion to sit in judgment if he were on trial. Mr. Soignet again testified that he could follow the directions of the court.
Defense counsel also questioned Mr. Soignet, asking him whether or not he would presume defendant was guilty if he failed to take the stand. Mr. Soignet responded that he understood the court's explanation and that he would not find defendant guilty because he did not want to testify.
Defendant challenged Mr. Soignet on the grounds that he would be unable to recognize the presumption of innocence. The court denied the challenge, stating it was satisfied that Mr. Soignet's responses indicated that he could be a fair and impartial juror.
The second challenged juror, Mrs. Parfait, initially indicated that she believed defendant must be guilty simply because he was on trial for the offense. However, when defense counsel asked her if she actually felt defendant must be guilty, she responded, "Well, I feel like we don't know the whole story of what he did wrong or why he's actually here." Mrs. Parfait then advised the court that she could put her opinion out of her mind and require the state to prove defendant guilty.
A juror who is incapable of recognizing the defendant's presumption of innocence is not competent to serve. State v. Davenport, 445 So.2d 1190 (La.1984). However, these cases are more analagous to those in which a juror has voiced an opinion seemingly prejudicial to the defense but subsequently, upon further inquiry or instruction by the court, has demonstrated willingness and ability to decide the case impartially, according to the law and evidence. See State v. Bates, 397 So.2d 1331 (La.1981). A juror who has testified that he will recognize the defendant's constitutional right to remain silent and not hold that silence against the defendant is not subject to disqualification for cause. See State v. Governor, 331 So.2d 443 (La.1976). Therefore, defendant's challenge for cause of Mr. Soignet was properly denied. Mrs. Parfait's responses indicated that she was able and willing to judge the case on the evidence presented. Accordingly, the trial court did not err by denying defendant's challenges for cause. These assignments of error have no merit.

REPETITIVE QUESTIONS

[Assignments of error 3 and 4-A]
By these assignments of error, defendant submits that the trial court erred by overruling his objections to questions asked by the state during its cross-examination of defendant. In assignment of error three, defendant contends the court erred by overruling his objection to the state's inquiry concerning the reason defendant returned to his house and reloaded the gun. In assignment of error number four, defendant claims the trial court erred by overruling his objection to the state's questioning of defendant to ascertain why he did not retreat.
La.R.S. 15:275 vests the trial judge with " a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness." Therefore, a conviction will not be reversed due to the judge's control of the examination of a witness unless an abuse of discretion is shown. State v. Chapman, 410 So.2d 689, 702 (La. 1981); State v. Savoie, 448 So.2d 129 (La. App. 1st Cir.), writ denied, 449 So.2d 1345 (La.1984).
The state initially asked defendant why he reloaded the gun and returned to the scene. Defendant responded by claiming that he reloaded the gun as a precautionary measure, apparently fearing crowd violence. He did not explain why he returned, in light of his fear for his personal safety. The state then asked defendant whether or not he had reloaded the gun and was returning to the car when the police arrived. Defendant denied that he intended to approach the car. When asked *458 why he came out of the house with the gun reloaded, defendant responded that he was not trying to hide the gun or the fact that he had shot the victim. The state then asked defendant why he reloaded the gun. Defense counsel objected to the question as repetitive. The trial court ruled the question was not repetitive because defendant had not answered it. Defendant again responded that he reloaded the gun for self-protection and related that he went back outside to wait for the police.
We find no abuse of discretion. Considering defendant's claims of self-defense and fear of injury to himself, the state's questions, designed to reveal why defendant reloaded his gun and returned to the scene, were relevant. The court correctly found that defendant had not answered the questions as to why he returned to the scene with a loaded gun. The question was not repetitive, but harmless error.
Defendant further claims the court erred by overruling his objection to the state's questions concerning his ability to retreat from the situation. Defendant readily admitted that he was aware that the victim did not have a firearm. He also admitted that he could have stepped back inside the fenced yard, where he would have been protected by various dogs that belonged to his friends, including a pit bull. Defendant further admitted that he could have used the gun to keep the victim at bay during his retreat. The state then attempted to determine why defendant shot the victim, who was seated in the car; then shot him again when the victim attempted to get out of the car; and left the safety of his home to return to the scene with a reloaded weapon. Defendant again claimed the question was repetitive. The court overruled the objection. We find no abuse of discretion. Despite the state's questions (which were somewhat indirect), defendant's failure to retreat was never explained. This assignment of error has no merit.

SUFFICIENCY OF THE EVIDENCE

[Assignment of error 4-b]
By this assignment of error, defendant submits the evidence is not sufficient to support the verdict. Defendant does not set forth any manner in which he claims the evidence was deficient.
Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another. La.R.S. 14:33. Aggravated battery is a battery committed with a dangerous weapon. La.R.S. 14:34. To support a conviction for aggravated battery, the state must show the defendant intentionally used force or violence upon the victim, that the force or violence was inflicted with a dangerous weapon, and that the dangerous weapon was used in a manner likely or calculated to cause death or great bodily harm. State v. Day, 468 So.2d 1336, 1340 (La.App. 1st Cir.1985).
The standard of review for the sufficiency of the evidence is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state presented evidence supporting each element of the offense beyond a reasonable doubt. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). We find the evidence herein to be sufficient.
Defendant testified that he shot the victim three or four times with a firearm. He repeatedly claimed that he had no intention to kill the victim, evidenced by the fact that he shot the victim in the legs. However, defendant also testified that, as he was walking away from the car, he saw the victim open the door and slide out of the car. Defendant admitted that he returned to the car and shot the victim again. We find, therefore, that any rational trier of fact could have found that the state presented evidence of each element of the offense beyond a reasonable doubt.

DENIAL OF MOTION FOR A NEW TRIAL

[Assignment of error number 5-a]
By this assignment of error, defendant submits that the trial court erred by denying *459 his motion for a new trial. In his motion, defendant claimed he was entitled to a new trial because the verdict is contrary to the law and the evidence and because several rulings by the court led to prejudicial and reversible error. In his brief, defendant did not specifically argue any manner in which the law and evidence contradicted the verdict, nor did he set forth a particular error or substantiate his claim of prejudice. We have previously found no merit to the issues raised by defendant relating to the challenges for cause, objections to the state's questions, and the sufficiency of the evidence. Defendant was not entitled to a new trial on these grounds.

EXCESSIVE SENTENCE

[Assignment of error number 5-c]
By this assignment of error, defendant submits that the trial court imposed an excessive sentence. After finding that defendant was a habitual offender, the court imposed the maximum sentence of twenty years at hard labor. However, finding error patent on the face of the multiple offender proceedings, this court is required to remand this matter for resentencing. La.C.Cr.P. art. 920. Therefore, we pretermit a discussion of whether or not the sentence imposed was excessive.
La.R.S. 15:529.1(D) provides that, upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." La.R.S. 15:529.1 further implicitly provides that the defendant should be advised by the court of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983).
The record reflects that, on the date of the multiple offender hearing, defense counsel advised the court that the defendant intended to waive the hearing and intended to confess that he was the same person who had been convicted of a prior felony. The trial court advised defendant that he had a right to a hearing in which the state was required to prove that he was the same person who had previously been convicted. However, the court did not advise defendant that he had a right to remain silent during the proceedings. This failure of the trial court constitutes error patent on the record and requires that the habitual offender sentence be vacated. State v. Johnson, 432 So.2d at 817; State v. Lapworth, 517 So.2d 485 (La.App. 1st Cir.1987).
CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION VACATED AND CASE REMANDED FOR RESENTENCING.
SHORTESS, J., concurs because of the majority treatment of assignment of error # 3 but feels it was harmless error.
NOTES
[1] The designation of errors filed in the record lists only five assignments of error. However, within two of these listings, defendant included allegations of error that were not related to the other issues designated in that assignment and should have been listed as separate assignments of error. For purposes of this appeal, we have designated the unnumbered allegations as assignments of error 4-b, 5-b, and 5-c. Assignment of error 5-b, claiming the bill of information charging defendant as a multiple offender was defective, was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.