LABORDE, Judge.
Defendant, Sterling Skaggs, was charged by bill of information with the crime of distribution of cocaine, a violation of La.R.S. 40:967(A)(1), and with two counts of distribution of marijuana, a violation of La.R.S. 40:966(A)(1). He was subsequently found guilty of these charges by a jury of twelve. On November 28, 1988, the trial court sentenced defendant to ten years at hard labor on the distribution of cocaine count and to five years at hard labor for each count of distribution of marijuana to run concurrently with each other, but consecutively to the sentence for the cocaine offense. Defendant was also ordered to serve these sentences consecutively with another sentence for a prior drug conviction in which defendant’s probation was revoked. We affirm.
FACTS
On March 11, 1988, Detective Kenneth Smith, an officer with the Central Louisiana Narcotics Task Force was introduced to the defendant through an informant. The initial meeting took place at an apartment complex defendant was painting in Alexandria, Louisiana. Detective Smith testified that he spoke with the defendant about purchasing marijuana and cocaine. Defendant told Detective Smith that he could not leave his job at that time and instructed the detective to come back to the complex later in the afternoon. Detective Smith returned at approximately 5:15 p.m. Following a brief conversation, the two left the apartment complex and travelled to University and 6th Street where Detective Smith gave the defendant $25.00 to purchase a bag of marijuana. The defendant exited the car, ran along an apartment complex out of Detective Smith’s view and returned several minutes later with a bag of marijuana. Defendant handed the bag to Detective Smith and said that he could purchase more marijuana. Detective Smith then gave the defendant another $25.00 for another bag of marijuana. The defendant left the car, ran in the same direction as before, out of the detective’s view, and returned with a second bag of marijuana.
Following these transactions, the detective and defendant talked about purchasing some cocaine which defendant had earlier *833 said he could obtain. The defendant directed Detective Smith to Willow Glenn Road and told him to park in the Rapides Parish Library parking lot while he made the cocaine purchase. After approximately ten minutes defendant returned with the cocaine. Each of these transactions was observed by Detective Kenneth Hertzog, also with the Central Louisiana Narcotics Task Force, who was conducting “road and surveillance” for Detective Smith. Defendant was subsequently arrested and charged with one count of distribution of cocaine and two counts of distribution of marijuana. On November 8, 1988, he was tried and convicted on all three offenses by a jury of twelve.
ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred in overruling defense objections to the reference to and hearsay evidence made by a confidential informant. This assignment of error is not briefed by defendant and is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3d Cir.1983).
ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial court erred in allowing the State to introduce evidence of defendant’s prior conviction in 1985 for possession of cocaine.
Generally, evidence of other crimes is inadmissible because the probative value as to the defendant’s guilt of the charged offense is outweighed by the prejudicial effect. State v. Prieur, 277 So.2d 126 (La.1973). However, the general rule of exclusion does not apply when the evidence offered has independent relevance. The test of admissibility is then one of balancing the probative value against the prejudicial effect. State v. Humphrey, 412 So.2d 507 (La.1978). Furthermore, when the defendant has raised the defense of entrapment, other crimes evidence may be admissible, even if it does not have independent relevance, to show that the defendant was predisposed to commit the crime. State v. Batiste, 363 So.2d 639 (La.1978). In Batiste, the Louisiana Supreme Court set forth a threefold test for determining the admissibility of other crimes evidence to rebut an entrapment defense. These factors are as follows: (1) the other crimes evidence utilized by the State must be of a similar character to the offense for which the defendant is being tried; (2) the other crimes evidence must not be remote in time from the offense charged; and (3) the prejudicial effect of the evidence must not outweigh the probative value on the issue of the defendant’s predisposition.
Applying these principles to the instant case, we conclude that the trial court properly allowed the introduction of prior crimes evidence in order to rebut the entrapment defense. It was only after the defendant raised the defense of entrapment that the State, on rebuttal, introduced a minute entry showing defendant’s prior conviction in 1985 for possession of a controlled dangerous substance. Also, to identify the defendant as the same individual convicted in 1985, the State called defendant’s former attorney to testify.' Defendant’s prior conviction on a narcotics charge was of a similar character to the offense for which he was tried in 1988. Its occurrence, approximately three years before the crime at issue, was not too remote in time to raise a factual issue as to defendant’s predisposition. The evidence of pri- or illegal narcotic activity shows that the defendant had been involved with and knew how to obtain drugs. It was probative of the fact of defendant’s readiness to take advantage of the opportunity offered to engage in the offenses charged. We do not find that this other crimes evidence was so prejudicial as to outweigh its probative value.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial court erred in allowing defendant’s former legal counsel to testify over objection, as to a prior crime in which he represented the defendant, without a waiver made by defendant. Defendant claims that the trial court’s ruling violates the attorney-client privilege *834 and defendant’s constitutional right against self-incrimination.
The attorney-client privilege in criminal cases is set forth in La.R.S. 15:475. It states:
“No legal adviser is permitted, whether during or after the termination of his employment as such, unless with his client’s express consent, to disclose any communication made to him as such legal adviser by or on behalf of his client, or any advice given by him to his client, or any information that he may have gotten by reason of his being such legal adviser.”
In State v. Green, 493 So.2d 1178 (La.1986), the Louisiana Supreme Court enumerated three factors which must be met before a client may claim the benefit of the privilege. Under La.R.S. 15:475 a court must determine that: (1) there was an attorney-client relationship, evidenced by an attorney’s employment by the client; (2) the communication, information or advice is made in confidence, and (3) the communication or information by the client and/or advice given by the attorney in response is sufficiently connected to the representation. Furthermore, the Court has stated that the attorney-client privilege does not extend to the fact of representation, including the identity of the client. State v. Hayes, 324 So.2d 421 (La.1975).
In the instant case, the State called the attorney who represented the defendant on the prior conviction in 1985. The attorney, over objection, identified the defendant as the same person being tried for the instant offense. The State used this fact to show that the defendant was predisposed to commit the crime and to rebut his entrapment defense. Furthermore, there was no communication, information, or advice elicited from defendant’s former attorney at trial which had been made in confidence since both the facts of representation and of defendant’s prior conviction were matters of public record. Thus, we find that there was no violation of the attorney-client privilege in the instant case. Furthermore, we do not find that the testimony of defendant’s former attorney impinged on defendant’s constitutional right against self-incrimination.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial court erred in not recognizing that he was entrapped. The defendant claims that he was not disposed to procure drugs, and that he only participated in the commission of this crime because of Detective Smith’s solicitation.[1] Defendant further alleges that there are many inconsistencies in the testimony of Detective Smith and Detective Hertzog.
Our Supreme Court has stated that “entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so.” State v. Batiste, at 641. When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as the conduct of the police. State v. Batiste, supra; State v. Bernard, 441 So.2d 817 (La.App. 3d Cir.1983), writ denied, 445 So.2d 439 (La.1984). The entrapment defense will not lie if the officers or agents have merely furnished a defendant, who is predisposed to commit the crime, the opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981); State v. Bernard, supra.
A review of the record does not reveal that defendant was entrapped in the instant case. Detective Smith made contact with the defendant only one time prior to the drug purchases being made. Subsequently, when the detective returned later in the day, the defendant took him to two different locations to make three drug pur *835 chases. Thus, defendant’s predisposition to commit the offenses for which he was charged is evidenced by the absence of nagging persistence on the part of the detective; knowledge of the place where drugs may be obtained; and an acquaintance with a person having a drug supply. See State v. Matheson, 363 A.2d 716 (Me.1976) cited in Batiste, supra.
We find that Detective Smith, following a hunch from a confidential informant, merely presented the defendant with the opportunity to commit a crime which he was predisposed to commit.
Therefore, this assignment of error lacks merit.
ASSIGNMENT OP ERROR NO. 5
Defendant contends the trial court erred in not designating the entire trial transcript and other pre-trial proceedings for judicial review. Arguments in the brief which are not designated in defendant’s assignments of error are not properly presented for review before the court of appeal and therefore are not considered. State v. Overton, 337 So.2d 1201 (La.1976); State v. Miles, 464 So.2d 1126 (La.App. 3d Cir.1985).
For the above reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. We note for the sake of completeness that defendant both denied the elements of the crime and relied on the defense of entrapment.