566 So.2d 180 (1990)
STATE of Louisiana, Appellee,
v.
Carl E. POOLE, Appellant.
No. 21604-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Diehlmann C. Bernhardt, Monroe, for appellant.
John P. Spires, Monroe, William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., George Ross, Asst. Dist. Atty., for appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
The defendant Poole was indicted for two counts of simple burglary of an inhabited dwelling and one count of aggravated rape. He was tried by jury for aggravated rape and one of the burglary counts. He was found not guilty on both charges. A short time later defendant was tried on the remaining charge of simple burglary of an inhabited dwelling. The jury found defendant guilty of attempted simple burglary of an inhabited dwelling and the court sentenced him to the maximum sentence of six years at hard labor. We affirmed in an unpublished opinion. Based on that conviction the State filed a bill of information charging defendant as a fourth felony offender under La.R.S. 15:529.1. Following a hearing, the defendant was adjudicated a third felony offender by the Fourth Judicial District Court, Parish of Ouachita, who then sentenced the defendant to 18 years at hard labor, to run consecutive to any other sentence the defendant was serving. Defendant appealed his sentence as excessive.
Finding error patent on the face of the record we reverse defendant's conviction as a third felony offender and the corresponding sentence and remand to the trial court for further proceedings.
The record shows that following the filing of the multiple felony offender bill of information defendant was advised of his right to counsel. The record does not show *181 that defendant was informed of any other rights. The court appointed an attorney to represent defendant. Defendant waived formal arraignment and entered a plea of not guilty. Shortly thereafter the multiple offender hearing was held. Defendant stipulated, through counsel, he was the same person referred to in a penitentiary pack entered into evidence by the State and the same person as the defendant charged and convicted on the recent attempted simple burglary of an inhabited dwelling offense. The trial court took the matter under advisement. The trial court found the defendant to be a third felony offender and, on April 26, 1989, sentence was imposed.
La.R.S. 15:529.1 D states, in pertinent part, that if a defendant charged as a multiple offender acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been previously convicted of a felony, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed. This statute provides that a defendant must be advised by the trial court of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983). The failure of the trial court to inform a defendant of this right, prior to a multiple offender hearing, is an error patent on the face of the record. State v. Coleman, 511 So.2d 1204 (La.App. 2d Cir. 1987); State v. Easton, 463 So.2d 783 (La. App. 2d Cir.1985). The trial court's failure to inform the defendant of his right to remain silent and to refuse to acknowledge the allegations contained in a multiple offender charge, requires a reversal of a multiple offender adjudication. State v. Ray, 521 So.2d 582 (La.App. 1st Cir.1988), writ denied, 525 So.2d 1055 (La.1988).
The record demonstrates that the trial court failed to advise defendant of his rights. Defendant's stipulation necessarily contributed to his adjudication as a third felony offender. There is no other proof of identity of record. These circumstances require reversal and remand.
In the event this remand results in defendant being again adjudicated a third felony offender, we also point out several other errors in the sentence imposed. Defendant's most recent felony conviction was for attempted simple burglary of an inhabited dwelling, which has a maximum prison sentence of six years at hard labor. La.R.S. 14:27 and 14:62.2. Using this conviction as the final felony, a defendant adjudicated a third felony offender is to be sentenced to a term of imprisonment of from four years to twelve years at hard labor. La.R.S. 15:529.1 A(2)(a). Consequently, the sentence of 18 years at hard labor is illegally excessive.
Additionally, we note that the trial court failed to vacate the previously imposed 6 year hard labor sentence for defendant's final felony conviction. In fact, the trial court expressly ordered the 18 year sentence "... to run consecutive to any other sentence he is presently serving." One interpretation of this language is that the trial court attempted to order the defendant's third felony offender sentence to be served consecutively to the sentence for the final felony offense. Following adjudication as a multiple offender, the trial court shall impose sentence and vacate any previous sentence already imposed for the final felony. La.R.S. 15:529.1 D; State v. Walker, 416 So.2d 534 (La.1982).
The defendant's conviction and sentence as a third felony offender are VACATED and the case is REMANDED to the trial court for further proceedings.