LINDSAY, Judge.
The defendant, Cassidy McKoin, was convicted of simple burglary, in violation of LSA-R.S. 14:62. He was subsequently adjudicated a multiple offender under LSA-R.S. 15:529.1 and sentenced to a term of imprisonment of 12 years at hard labor to be served consecutively with any other sentence. The defendant appealed. Having found error patent in the multiple offender proceedings, we vacate the defendant’s sentence and remand for resentencing.
FACTS
On March 4, 1989, the defendant was apprehended by the police while in the process of burglarizing a residence in West Monroe, Louisiana. After the defendant was cornered by a police dog in the master bedroom, a gun owned by the inhabitants of the house was located under the bed, only four to five feet away from the defendant. The weapon had been removed from its usual hiding place.
On June 15, 1989, the state filed a bill of information charging the defendant with aggravated burglary, in violation of LSA-R.S. 14:60. On December 4, 1989, following a bench trial, the defendant was found guilty of simple burglary. On December 8, 1989, a habitual offender bill was filed, asserting that the defendant was a third felony offender in that he had previously been convicted of two separate counts of middle grade felony theft.
On January 8, 1990, a multiple offender hearing was held. The defendant entered into a plea bargain by which he agreed to plead guilty to the multiple offender bill and the state agreed to dismiss an unrelated bill of information charging him with several counts of illegal possession of stolen property.
The court asked the defendant if the specific allegations in the multiple offender bill were correct. After the defendant responded that they were, the court asked him if he understood that he had a right to a hearing where the state would be required to prove that he was the person convicted of the two previous offenses. The defendant stated that he understood. The court asked the defendant .if he wished to plead guilty in light of the fact that he would be sentenced under the habitual offender law whereby he would be exposed to a sentence ranging from eight to twenty-four years. The defendant stated that he understood and affirmed that counsel had explained the matter to him. The court accepted the guilty plea and proceeded to sentence the defendant to 12 years at hard labor. The trial court specified that this term of imprisonment be consecutive to any other sentence.
The defendant appealed and filed four assignments of error, all of which pertain to his sentence. As we have discovered an error patent which is fatal to the multiple offender hearing, we pretermit consideration of these assignments.
ERROR PATENT
LSA-R.S. 15:529.1(D) provides that, upon the filing of a multiple offender bill of information against a defendant:
... the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the- new sentence the time actually served under the sentence so vacated. [Emphasis ours]
*779 This statute allows a defendant to chose to remain silent in the face of allegations that he has committed previous crimes. It implicitly provides that the defendant is to be advised by the court of this statutory right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983), appeal after remand 457 So.2d 1251 (La.App. 1st Cir.1984), appeal after remand 471 So.2d 1041 (La.App. 1st Cir.1985).
Failure of a trial court to adhere to the specifically prescribed requirements of R.S. 15:529.1(D) is error patent on the face of the record. State v. Easton, 463 So.2d 783 (La.App. 2d Cir.1985); State v. Coleman, 511 So.2d 1204 (La.App. 2d Cir.1987). The trial court’s failure to inform the defendant of his statutory right to remain silent constitutes error patent. State v. Poole, 566 So.2d 180 (La.App. 2d Cir.1990); State v. Ray, 521 So.2d 582 (La.App. 1st Cir.1988), writ denied 525 So.2d 1055 (La.1988); State v. Sims, 529 So.2d 454 (La.App. 1st Cir.1988), writ denied 532 So.2d 764 (La.1988).
The record before us, particularly the colloquy between the trial court and the defendant, demonstrates that not only did the trial court fail to inform the defendant of his right to remain silent but it also required the defendant to acknowledge or refute the alleged other crimes before it informed the defendant of his right to a hearing. Furthermore, we note that the record is devoid of any other evidence substantiating the defendant’s prior criminal record. Consequently, the defendant’s habitual offender adjudication and sentence' must be vacated, and the matter remanded for proceedings consistant with this opinion. State v. Easton, supra; State v. Ray, supra.
We also note another error on the face of this record. The trial court informed the defendant that he would be exposed to a sentencing range of eight to twenty-four years. Obviously, the trial court was applying the current provisions of R.S. 15:529.1(A)(2)(a) which provide that a third felony offender shall be sentenced to a term of not less than two-thirds of the longest possible sentence for the most recent felony nor more than twice the longest possible sentence. (The longest possible penalty for simple burglary is 12 years.) However, at the time of the offense, this statute provided that the lower penalty range be “not less than one-half the longest possible sentence.” [1] Thus, the range of sentence should have been six to twenty-four years. Upon resentencing, the trial court shall apply the correct sentencing range when imposing sentence.
Although the defendant’s assignments of error are pretermitted as mentioned previously, we note that the transcript of the sentencing hearing demonstrates that the trial court’s brief articulation of the sentencing considerations under LSA-C.Cr.P. Art. 894.1 was inadequate. Upon resen-tencing, the trial court will have an additional opportunity to comply with the requirements of Article 894.1 and articulate its reasons for imposing a sentence which is tailored both to the offender and the offense. State v. Coleman, supra.
CONCLUSION
The defendant’s conviction for simple burglary is affirmed. However, his adjudication and sentence as a multiple offender are vacated. The matter is remanded for resentencing in compliance with this opinion.
CONVICTION AFFIRMED; MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED FOR RESENTENCING.

. The minimum penalty for third felony offenders was increased by Acts 1989, No. 482, § 1. The effective date of this amendment was September 3, 1989. The burglary in the present case occurred on March 4, 1989. A criminal offense is punishable according to the statutory penalties in effect when the offense was committed. State v. Bryan, 535 So.2d 815 (La.App. 2d Cir.1988).