585 So.2d 626 (1991)
STATE of Louisiana, Appellee,
v.
James Oscar PIERCE, Appellant.
No. 22599-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
*627 Neil Martin Trichel, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Paul J. Carmouche, Dist. Atty., W. Stanley Lockard, Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, LINDSAY and STEWART, JJ.
STEWART, Judge.
The defendant, James Oscar Pierce, was charged by bill of information with theft, in violation of LSA-R.S. 14:67, or illegal possession of stolen things, in violation of LSA-R.S. 14:69, and possession of Schedule II controlled dangerous substance, in violation of LSA-R.S. 40:967. The defendant was tried by a six-member jury and found guilty as charged of illegal possession of stolen things and possession of cocaine. After the defendant pled guilty to a second felony offender bill of information, the trial judge sentenced the defendant to 18 months at hard labor with credit for time served on the conviction for illegal possession of stolen things and 5 years at hard labor with credit for time served on the conviction for possession of cocaine, to be served concurrently. Defendant appeals the convictions as insufficiently supported by the evidence and appeals the sentences imposed as excessive and improperly enhanced by the habitual offender bill. We affirm the convictions, however, after finding patent error on the face of the record, we remand for resentencing.

FACTS
At approximately 2:00 p.m. on November 30, 1988, Mr. Nolan Smith heard a noise in the garage of his home in Shreveport. He initially believed that his son had made the noise in the garage, but decided to investigate when he heard a car driving away. From his window, Mr. Smith saw a cream or beige older model GMC car drive away. He discovered that two chain saws were missing from his garage. Smith immediately notified the Caddo Parish Sheriff's Office and deputies were dispatched to the scene. The responding deputies notified nearby pawnshops about the stolen items, then proceeded to headquarters to fill out reports. While at headquarters, they received a call from Cash `N A Flash pawnshop. There was a light-colored GMC Grand Prix backed up to the entrance of the pawnshop. The defendant and two other men were arrested in connection with the stolen goods. Nolan Smith came to the pawnshop and identified two chain saws, a case, and a battery charger that the three men were trying to pawn, as the items taken from his garage. Smith also identified *628 the car in front of the pawn shop as the car that drove away from his house.
After the defendant was arrested, he was placed in the backseat of a patrol car. The deputies observed the defendant making peculiar movements which lead them to suspect that he was trying to hide something. They then searched the backseat and found a match box between the seat which contained 16 small plastic baggies containing a white powder residue, which was later analyzed as cocaine. Defendant was convicted by jury of illegal possession of stolen things valued over $100 but less than $500 and of possession of Schedule II cocaine. Defendant plead guilty to a second felony habitual offender bill of information and was later sentenced on the respective convictions to 18 months at hard labor concurrent with 5 years at hard labor, with credit for time served.
Defendant appeals, asserting that there was insufficient evidence to convict him of these offenses, that the trial judge improperly enhanced the sentences on simultaneous convictions, and that the sentences imposed were excessive. We affirm in part, vacate in part, and remand for resentencing.

DISCUSSION
Defendant's first assignment of error alleges that there was not sufficient evidence to convict him of illegal possession of stolen things or possession of cocaine. Although the defendant stated in the syllabus of his brief that the prosecution has the burden of proving each element of the crime beyond a reasonable doubt, he failed to brief this assignment of error. It is therefore deemed abandoned, State v. Schwartz, 354 So.2d 1332 (La. 1978), URCA Rule 2-12.4, and the convictions are affirmed.
As we have discovered an error patent which is fatal to the defendant's plea of guilty to the allegations contained in the habitual offender bill of information, we pretermit consideration of the remaining assignments of error.
Error Patent
LSA-R.S. 15:529.1(D) provides that, upon the filing of a multiple offender bill of information against a defendant,
[T]he court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, ... (Emphasis added.)
This statute allows a defendant to choose to remain silent in the face of allegations that he has committed previous crimes. It implicitly provides that the defendant should be advised by the court of his statutory right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983).
Failure of a trial court to adhere to the specifically prescribed requirements of LSA-R.S. 15:529.1(D) is error patent on the face of the record. State v. Easton, 463 So.2d 783 (La.App. 2d Cir.1985); State v. Coleman, 511 So.2d 1204 (La.App. 2d Cir. 1987); State v. McKoin, 571 So.2d 777 (La. App. 2d Cir.1990). The trial court's failure to inform the defendant of his statutory right to remain silent, prior to a multiple offender hearing, constitutes error patent on the face of the record. State v. Poole, 566 So.2d 180 (La.App. 2d Cir.1990); State v. Ray, 521 So.2d 582 (La.App. 1st Cir. 1988), writ denied 525 So.2d 1055 (La.1988); State v. Sims, 529 So.2d 454 (La.App. 1st *629 Cir.1988), writ denied 532 So.2d 764 (La. 1988).
The record before us, specifically the colloquy between the trial court and the defendant, demonstrates that not only did the trial court fail to inform the defendant of his right to remain silent but it also required the defendant to acknowledge or refute his alleged status as a second felony offender before it informed the defendant of his right to a hearing. Furthermore, we note that the record is devoid of any other evidence substantiating the defendant's prior criminal record. Consequently, the defendant's habitual offender adjudication and sentence must be vacated, and the matter remanded for proceedings consistent with this opinion. McKoin, supra; Easton, supra.

CONCLUSION
For the above and foregoing reasons, the defendant's convictions are affirmed. However, his adjudication and sentences as a multiple offender are vacated. The matter is remanded for resentencing in compliance with this opinion.
CONVICTIONS AFFIRMED; MULTIPLE OFFENDER ADJUDICATION AND SENTENCES VACATED; REMANDED FOR RESENTENCING.