593 So.2d 864 (1992)
STATE of Louisiana, Appellee,
v.
Kevin TATE, Appellant.
No. 23123-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
*865 Steven R. Thomas, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Jones, Dist. Atty., Robert E. Bethard, Asst. Dist. Atty., Coushatta, for appellee.
Before LINDSAY, BROWN and STEWART, JJ.
LINDSAY, Judge.
The defendant, Kevin Tate, was convicted by a jury of one count of distribution of Diazepam, commonly known as Valium. The defendant was then adjudicated an habitual offender. Accordingly, he was sentenced to serve five years at hard labor. Through counsel, the defendant appeals his conviction and sentence. We affirm the defendant's conviction. However, finding error patent on the face of the record, we reverse the defendant's adjudication as an habitual offender and the corresponding sentence and remand to the trial court for resentencing.

FACTS
On the evening of May 5, 1989, Deputy Victor Jones of the Natchitoches Parish Sheriff's Department, a member of the Natchitoches/Red River Parish Narcotics Task Force, met with Deputy Larry Rhodes of the Red River Parish Sheriff's Office. Deputy Jones was serving in an undercover capacity to assist the Red River Parish *866 Sheriff's Office in apprehending local drug dealers. Deputy Rhodes gave Deputy Jones $160 with which to buy drugs. Deputy Jones was also introduced to a Red River Parish resident who was serving as a confidential informant (CI). The CI and Deputy Jones left the meeting together and began traveling around the parish.
The two went to the home of the defendant, Kevin Tate, which was located south of Coushatta, Louisiana. The CI introduced Deputy Jones to the defendant, and Deputy Jones informed the defendant that he would like to buy some Valium. The defendant indicated that he had no Valium at his house but could obtain an entire prescription, containing 60 to 100 pills. The defendant stated that the cost for this amount of Valium would be $80. Deputy Jones gave the defendant $80 from the funds furnished by the Red River Parish Sheriff's Office. The defendant and Deputy Jones agreed to meet at a local liquor store where the defendant would deliver the Valium.
Later that evening, the men met at the liquor store and the defendant told Deputy Jones that his supplier was not at home at the moment. The men agreed to meet at the liquor store again, later that same evening.
At approximately 8:55 p.m., the defendant again met Deputy Jones at the liquor store and gave him five Valium tablets. The defendant charged Deputy Jones $10 for the tablets and returned to Deputy Jones $70 in change.
The defendant was arrested on June 14, 1989. He was charged by bill of information with distribution of Diazepam (Valium). On July 12, 1989, the defendant appeared in court with appointed counsel and entered a plea of not guilty. On December 6, 1989, the defendant withdrew his plea of not guilty and entered a plea of guilty pursuant to an agreement that he would be sentenced to five years at hard labor and that he would not be charged as an habitual offender.
However, on March 15, 1990, the defendant was allowed to withdraw his guilty plea. Thereafter, on April 3, 1990, the defendant was tried by jury and found guilty as charged.
Following the trial, the state filed an habitual offender bill of information against the defendant. On May 23, 1990, the defendant appeared in court with counsel and admitted to being a second felony offender. The court then sentenced the defendant as an habitual offender to serve five years at hard labor, with credit for time served.[1] Through counsel, the defendant appealed his conviction and sentence.
The defendant contends that there is insufficient evidence upon which to base a conviction for possession of Diazepam. The defendant also contends that the trial court failed to follow the sentencing guidelines of LSA-C.Cr.P. Art. 894.1, failed to set forth the considerations and factual basis for the sentence, and imposed an excessive sentence. The defendant also filed several pro se assignments of error.
We have reviewed the entire record in this case and conclude that the prosecution presented sufficient evidence upon which to base the defendant's conviction. However, because we find error patent on the face of the record, requiring reversal of the habitual offender adjudication and sentence, we do not address the issue of excessiveness of sentence and noncompliance with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. Also, we find that the defendant's pro se assignments of error are not properly reviewable.

SUFFICIENCY OF EVIDENCE
The defendant argues that "at trial which resulted in conviction of defendant herein no reasonable trier of fact could have returned a verdict of guilty based upon the evidence presented." In his brief, the defendant contends that the trial court *867 erred in allowing the prosecutor to ask the CI about other crimes. He also argues that the evidence shows he was the victim of entrapment. The defendant's arguments are meritless.

Other Crimes Evidence
At trial, defendant's counsel objected to a question posed to the CI as to whether he had previously known the defendant to distribute Valium. The court ruled adversely to the defendant, and the court allowed the defendant to apply for writs to this court. On April 3, 1990, writs were denied. (See Docket No. 22,059-KW.) At that time, we found that, based upon the showing made, and considering the prosecution's response, there was no palpable error in the trial court's ruling sufficient to justify the exercise of this court's supervisory jurisdiction. We stated that the applicant would have an adequate remedy by appeal in the event he was convicted. Based upon our present review of the defendant's claim regarding the question asked by the state, we find that the question was properly allowed by the trial court.
At trial, the defendant asserted the affirmative defense of entrapment. From the beginning of voir dire questioning of prospective jurors, defense counsel made it clear that the defense of entrapment would be asserted. During the CI's redirect testimony, the prosecution asked whether he had ever known the defendant to distribute Valium prior to the date of the present offense. Under these circumstances, and in light of the asserted defense of entrapment, the question was permissible.
If the defendant chooses to pursue the defense of entrapment, evidence of other criminal activity on his part may become relevant in determining whether he had the predisposition to commit the present offense. State v. Batiste, 363 So.2d 639 (La. 1978).
Guidelines for the introduction of evidence of other criminal activity include a clear demonstration that the defendant will use entrapment as a defense; other crimes must be of a character similar to the offense for which the defendant is on trial; the prior offenses must not be remote in time from the present offense; and whether, even though relevant, evidence should be excluded because the prejudicial effect outweighs the probative value on the issue of predisposition. State v. Batiste, supra.
The rationale of State v. Batiste, supra, was adopted in LSA-C.E. Art. 405 which provides:
A. Except as provided in Article 412, in all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to general reputation only. On cross-examination of the character witness, inquiry is allowable into relevant specific instances of conduct.
B. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, such as in a prosecution for defamation or when there is a defense of entrapment, proof may also be made of specific instances of his conduct.
C. Before a person may be permitted to testify to the reputation of another person, a foundation must be established that the witness is familiar with that reputation.
In the present case, the defendant had clearly demonstrated that he would use entrapment as a defense. The other crime inquired about was of the same character as that for which the defendant was on trial. No testimony was presented regarding remoteness of the other crime. (Although the defense argues that this alone should disallow the question, it does not appear to be a significant factor in this case.) Further, there was no showing that the prejudicial effect of the testimony would outweigh its probative value. Finally, pursuant to the requirements of LSA-C.E. Art. 405, the testimony showed that the confidential informant had known the defendant since around 1975 or 1977, establishing that he was familiar with the defendant's reputation. Under these circumstances, the testimony of the confidential informant that he had seen the defendant *868 distribute Valium on prior occasions was admissible to establish the defendant's predisposition to commit the instant offense.

Entrapment
The defendant argues there is insufficient evidence upon which to base his conviction because he was the victim of entrapment. There is little dispute in this record that the defendant sold five Valium tablets to Deputy Jones for the price of $10. Rather, the defendant argued at trial, and on appeal, that he was entrapped by Deputy Jones and the confidential informant. This argument is meritless.
An entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting such an offense when he is not otherwise disposed to do so. State v. Batiste, supra.
Once governmental instigation is shown, inquiry focuses on the predisposition of the defendant. For the entrapment defense to exist, a defendant must be induced to engage in criminal conduct which he would not otherwise be disposed to commit. State v. Troquille, 493 So.2d 686 (La. App. 2d Cir.1986). However, an entrapment defense will not lie if the officers or agents have merely furnished the defendant, who is predisposed to commit the crime, with the opportunity to do so. State v. Troquille, supra.
Entrapment is an affirmative defense and the burden is on the defendant to prove entrapment by a preponderance of the evidence. State v. Brand, 520 So.2d 114 (La.1988). The question of whether the governmental agent implanted the criminal idea in the mind of an innocent person to induce the commission of a crime that would not otherwise have been committed is one for the jury. State v. Brand, supra.
Contentions of entrapment must be reviewed under the standard established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Cook, 460 So.2d 1075 (La.App. 2d Cir.1984), writ denied 466 So.2d 465, 466 (La.1985). The relevant inquiry by the reviewing court is whether the defendant adduced evidence of his entrapment in the offense such that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could conclude that the defendant had not proved, by a preponderance of the evidence, that he had been entrapped. State v. Cook, supra.
Credibility determinations are largely within the jury's province. The appellate court will accord great discretion to the jury's decision to accept or reject the testimony of a witness. State v. Flowers, 574 So.2d 448 (La.App.2d Cir.1991), writ denied 580 So.2d 666 (La.1991).
Applied to the facts of this case, the trier of fact could have clearly found that the defense of entrapment was not established. The evidence showed that the defendant had a predisposition to sell drugs. This was demonstrated by prior drug sales testified to by the CI. The jury obviously found the CI to be a credible witness. The evidence also shows the defendant willingly agreed to sell Valium in this case and had a readily available supplier of this drug. The defendant was not badgered or coerced by law enforcement officials to commit an offense he was not predisposed to commit. See and compare State v. Skaggs, 551 So.2d 831 (La.App. 3d Cir.1989). Deputy Jones and the confidential informant merely provided an opportunity for the defendant to commit a crime he was predisposed to commit. Therefore, under the facts of this case, there is sufficient evidence upon which to base the defendant's conviction for distribution of Diazepam.
This assignment of error is without merit.

ERROR PATENT
The defendant appeared on May 23, 1990 for an habitual offender hearing. At that time, his attorney indicated that the defendant desired to plead guilty. The trial court then placed the defendant under oath *869 and asked whether he understood that he had a right to a sentencing hearing, a right to a hearing on his status as an habitual offender, and the right to counsel, retained or appointed. The court then asked the defendant if he was waiving those rights and admitting that he was an habitual offender, having previously been convicted of a felony. The defendant answered affirmatively. However, the trial court failed to advise the defendant of his right to remain silent.[2]
LSA-R.S. 15:529.1(D) provides that if a defendant, charged as an habitual offender, acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has previously been convicted of a felony, the court shall sentence him to the punishment prescribed in the statute and shall vacate the previous sentence, if imposed. This statute has been interpreted as implicitly requiring that a defendant must be advised by the trial court of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983). The jurisprudence holds that under LSA-R.S. 15:529.1, the defendant, if he chooses, has a right to remain silent. If the trial court fails to advise a defendant of this right to remain silent, his adjudication as a habitual offender is invalid. State v. Johnson, supra. See also, State v. Coleman, 511 So.2d 1204 (La.App.2d Cir.1987); State v. Easton, 463 So.2d 783 (La.App.2d Cir.1985); State v. Short, 588 So.2d 151 (La.App. 4th Cir.1991); State v. Pierce, 585 So.2d 626 (La.App.2d Cir.1991).
Failure to advise a defendant of his rights under LSA-R.S. 15:529.1 constitutes error patent. State v. Easton, supra. The trial court's failure to inform the defendant of his right to remain silent and to require the state to prove the allegations contained in an habitual offender charge mandates a reversal of the habitual offender adjudication. The sentence must be vacated, and the matter remanded for resentencing. State v. Poole, 566 So.2d 180 (La.App.2d Cir.1990); State v. Ray, 521 So.2d 582 (La.App. 1st Cir.1988), writ denied 525 So.2d 1055 (La.1988). Therefore, in this case where the trial court failed to inform the defendant of his right to remain silent at the habitual offender hearing, the defendant's adjudication as a second felony offender and his corresponding sentence must be vacated and the case remanded for resentencing.

SUPPLEMENTAL ASSIGNMENTS OF ERROR
The defendant was represented by counsel on appeal who filed assignments of error on his behalf and filed a brief. After the filing of those assignments of error and the brief, the defendant filed his own pro se supplemental assignments of error. This court has previously held that pro se assignments of error by a represented defendant, not timely filed and not submitted to the trial court, are not reviewable by this court on appeal. State v. Gene, 587 So.2d 18 (La.App.2d Cir.1991). For the reasons set forth in State v. Gene, supra, we find that the defendant's supplemental assignments of error are not properly before this court for review.

CONCLUSION
For the reasons stated above, we affirm the defendant's conviction of distribution of Diazepam. However, we reverse and vacate the defendant's adjudication and sentence as a second felony offender. The case is remanded to the trial court for further habitual offender proceedings and resentencing in accordance with the principles set forth above.
CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
BROWN, J., concurs and agrees that the conviction should be affirmed but dissents from the reversal of defendant's adjudication and sentence as a second felony offender.
*870 BROWN, Judge, concurs and agrees with affirming the conviction but dissents from the reversal of the sentence.
I agree that defendant's conviction should be affirmed but disagree with the reversal of the habitual offender adjudication and sentence. The foundation of the majority opinion is State v. Johnson, supra. I believe Johnson does not relate to the circumstances of this case and has been unduly expanded by this court.
In Johnson, during a habitual offender hearing the prosecutor failed to prove that defendant was the same person as the one previously convicted. The trial court over defense counsel's objection forced defendant to testify. The Supreme Court correctly determined that the U.S. Constitution's 5th Amendment protected defendant in a habitual offender hearing and further found that LSA-R.S. 15:529.1(D) provided the same protection, stating:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a `formal hearing' and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
The trial court at mid-hearing arraigned Johnson and accepted his not guilty plea, satisfying the requirement of R.S. 15:529.1(D) that the trial court `require the offender to say whether the allegations are true.' After pleading not guilty Johnson no longer was required to speak and should not have been compelled to present evidence against himself. (emphasis added)
At the multiple offender hearing defendant chose to plead guilty and expressed this choice to the court through his attorney. Unlike the cases quoted by the majority, State v. Poole, supra, and State v. Coleman, supra, the trial court then determined directly from defendant whether or not the expression of his attorney was correct. Among other rights, the court specifically told defendant: "Do you understand also that since you have denied being an habitual offender, you have the right to a hearing on that matter to determine whether or not you are actually an habitual offender, the same Kevin Tate that was previously convicted or pled guilty to another felony, do you understand that?"
The record clearly shows that defendant chose to change his plea based upon the information furnished to him by the prosecution concerning his prior conviction and incarceration. Defendant was not compelled to give evidence against himself as was the case in Johnson and State v. Pierce, supra. Defendant's choice to plead was with advice of counsel and was free and voluntary. The trial court did advise defendant of his rights and the consequences of the plea. Therefore, I respectfully dissent from that portion of the judgment which sets aside his adjudication and sentence as a second felony offender. Our trial courts are overburdened and should not have to unnecessarily repeat proceedings.
NOTES
[1] Although the defendant received the same sentence as a habitual offender that he initially received in the plea bargain, the habitual offender sentence is more severe because the defendant is ineligible for "good time" diminution of his sentence. See LSA-R.S. 15:571.3(C)(2) and (3).
[2] We also note that the trial court erred by informing the defendant that, as a multiple offender, he faced a potential maximum sentence of 10 years at hard labor. Under LSA-R.S. 40:969(A), the maximum sentence possible for distribution of Schedule IV drugs is imprisonment at hard labor for 10 years. Therefore, as a habitual offender, the defendant faced a possible maximum sentence of 20 years at hard labor.