522 So.2d 1171 (1988)
STATE of Louisiana
v.
James WILLIAMS.
No. KA-7726.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
*1172 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, GARRISON and CIACCIO, JJ.
GARRISON, Judge.
The defendant, James Williams, was charged by bill of information with two counts of simple burglary, violations of LSA-R.S. 14:62. A jury found the defendant guilty as charged on both counts. The defendant later pled guilty to the multiple bill of information filed by the State and was sentenced as a multiple offender to twenty-four years at hard labor on each count. The trial judge ordered that the sentences be served concurrently. Defendant appeals his convictions and sentences.
On December 24, 1984, at approximately 7:30 a.m., Officer Rene Mushatt of the New Orleans Police Department responded to an activated burglar alarm at the Patin-Conley Company plumbing warehouse on Jackson Avenue in New Orleans. Officer Mushatt notified Robert Conley, one of the owners of the warehouse, who later joined Mushatt at the warehouse and stated that nobody had been authorized to enter the warehouse on that date.
An investigation of the premises by Mushatt and Conley revealed that a board securing one of the warehouse windows had been removed, the warehouse had been ransacked and two briefcases had been moved. However, no one was found in the warehouse and nothing was found to be missing at that time. The window was then secured again and the two men left the premises.
At approximately 10:30 a.m. on that same morning, two other police officers responded to an activated burglar alarm at the Waterman Company kitchen equipment warehouse, which adjoins the Patin-Conley warehouse. The defendant was found inside of the warehouse and was asked to identify himself. He claimed to be an employee of the Waterman Company but the owner of the company arrived shortly thereafter and told the officers that the defendant was not one of his employees and that he had not been authorized to enter the warehouse.
A search of the warehouse revealed that a window connecting the Patin-Conley and Waterman warehouses had been broken. A briefcase belonging to the owner's son had been removed. The defendant was wearing a jacket belonging to Mr. Waterman's son. The pockets of the jacket contained Mr. Waterman's pocket calculators and keys to a Waterman company car. The defendant was arrested for simple burglary of the Waterman warehouse.
In the early part of the afternoon on that same day, Mr. Conley returned with an officer to check his warehouse. At that time, they were unaware of the burglary of the Waterman warehouse and of the arrest of the defendant. Upon their arrival, they noticed a light which had not been on that morning. They also noticed that the two briefcases which had been moved were now gone. Two days later, these briefcases were found in a trash can at the Waterman warehouse. The defendant was later arrested for simple burglary of the Patin-Conley warehouse.
*1173 The defendant claimed that he was helping a Waterman employee load equipment and that the employee had left to buy food. He claimed that the jacket had been loaned to him by the Waterman employee.
In his first assignment of error, the defendant contends that the trial court did not have jurisdiction to sentence the defendant as a multiple offender because the order of appeal was granted before the multiple bill hearing. This argument is without merit in that LSA-C.Cr.P. art. 916 was amended on July 10, 1986 by Louisiana Act 851 to state, in pertinent part:
"The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to either: ...
"(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1."
Furthermore, it has been held that this amendment is to be applied retroactively "to uphold the validity of habitual offender proceedings where orders of appeal were entered prior to the sentencing of the defendants as habitual offenders." State v. Abbott, 508 So.2d 80 (La.1987).
Therefore, in this case, the trial court retained jurisdiction to sentence the defendant as a multiple offender after the order of appeal was entered notwithstanding the fact that the sentencing of the defendant occurred prior to the passage of the amendment to LSA-C.Cr.P. art. 916.
In his second assignment of error, the defendant argues that the trial court erred in sentencing him as a multiple offender because the trial judge did not inform the defendant of his right to a hearing as to the truth of the multiple bill prior to the entry of defendant's guilty plea on that charge. This assignment of error has merit.
The multiple offender statute, LSA-R.S. 15:529.1, states, in pertinent part:
"... whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law...."
At the multiple bill hearing in this case, defense counsel informed the judge that he had informed the defendant of his rights and that the defendant wanted to plead guilty to the multiple bill. Defendant's counsel did not specify which rights he had discussed with the defendant. The trial judge then accepted defendant's guilty plea without personally informing him of his right to a hearing on the multiple bill allegations and sentenced him as a multiple offender.
An identical factual situation occurred in State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), writ denied, 472 So.2d 913 (La.1985). The court in Vincent found that the trial court's failure to advise the defendant of his right to a hearing violated LSA-R.S. 15:529.1(D) and stated that:
"A ruling that the judge must personally advise the defendant of his right (or perhaps that the record must at least affirmatively show, by counsel's specific recital of the rights in open court in the presence of defendant, that `the court' through counsel has advised defendant of his rights) is required not only by La.R.S. 15:529.1(D) but probably also by the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a guilty plea not be accepted without an affirmative showing in the record of an intelligent and voluntary waiver of the constitutional rights thereby yielded."
Accordingly, because the trial court failed to comply with LSA-R.S. 15:529.1(D) in the present case, the defendant's enhanced sentences must be vacated and his original sentences of twelve years at hard labor on each count must be reinstated.
The defendant also claims that the State failed to prove that less than five years had elapsed between defendant's release from prison for his last conviction and the date on which the present offenses were committed. Although defendant's enhanced *1174 sentences are being vacated for the reasons stated above, this claim is without merit because the defendant's guilty plea relieved the State of the burden of proving that fact.
Although not alleged as an assignment of error, a review of the record for errors patent reveals that defendant was sentenced as a multiple offender on both of his simple burglary convictions. Because convictions on more than one count entered on the same date should be treated as only one conviction when applying the habitual offender law, the trial judge erred in sentencing the defendant as a multiple offender on each count. State v. Sherer, 411 So.2d 1050 (La.1982).
However, as stated above, the defendant's sentence will be vacated in any event because of the trial judge's failure to inform the defendant of his right to a hearing on the allegations contained in the multiple bill prior to accepting defendant's guilty plea on that charge.
In assignment of error three, the defendant argues that insufficient evidence exists to support a conviction on count one of the simple burglary charge, i.e. burglary of the Patin-Conley warehouse.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To support a conviction of simple burglary, a violation of LSA-R.S. 14:62, the State had to prove that: 1) the defendant entered the Patin-Conley warehouse, 2) without authorization and 3) with the intent to commit a felony or theft therein.
The evidence at trial established that the Patin-Conley warehouse was broken into and ransacked. The owner of the warehouse stated that no one had authority to enter the warehouse and that two briefcases were stolen from the warehouse. These briefcases were later recovered from a trash can in the adjoining Waterman warehouse where the defendant was apprehended. A window connecting the Patin-Conley and Waterman warehouses had been broken and was the likely way by which the defendant went from the Patin-Conley warehouse to the Waterman warehouse with the stolen briefcases.
Under these facts, it is our conclusion that a rational trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt of simple burglary of the Patin-Conley warehouse.
The defendant also contends that the trial court erred in failing to give the jury charge that evidence must exclude every reasonable hypothesis of innocence when circumstantial evidence is the only evidence offered. This assignment of error is without merit in that the trial judge gave the circumstantial evidence charge to the jury as evidenced on page four of the jury charge transcript.
Therefore, we affirm the defendant's convictions. However, we vacate his enhanced sentences and reinstate his original sentences of twelve years at hard labor on each count. Should the defendant subsequently be adjudged to be a multiple offender, his right to appeal any enhanced sentence given to him is reserved.
CONVICTIONS AFFIRMED; ENHANCED SENTENCES VACATED; ORIGINAL SENTENCES REINSTATED.