589 So.2d 1135 (1991)
STATE of Louisiana
v.
Andrew GRAY and James Lynch a/k/a Carl Smith.
No. 91-KA-303.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1991.
*1136 John M. Mamoulides, Dist. Atty., W.J. LeBlanc, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty. (Louise Korns, of counsel), Gretna, for plaintiff-appellee, State.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant, Andrew Gray.
Ginger Berrigan, Indigent Defender Bd., Gretna, for defendant-appellant, James Lynch.
Before KLIEBERT, C.J., BOWES, J., and FINK, J. Pro Tem.
KLIEBERT, Chief Judge.
Defendants, Andrew Gray and James Lynch, a/k/a Carl Smith, were charged by Bill of Information with a violation of LSA-R.S. 40;967(C), possession of a controlled dangerous substance, to-wit: cocaine. Both defendants moved to suppress the evidence alleging the cocaine was unlawfully and illegally seized. After hearing, the trial court denied the motion to suppress and defendants pled guilty as charged; reserving their rights to appeal the denial of their motion to suppress.
Each defendant was sentenced to two years at hard labor; however, the sentences were suspended and defendants were placed on three years active probation. Defendants appeal alleging the evidence at issue was abandoned in response to an illegal seizure and thus should have been suppressed. For the following reasons, we affirm the denial of the motion to suppress, amend the sentences and, as amended, affirm.
On May 5, 1990, at approximately 11:15 p.m. Officers Leconte and Cron of the Jefferson Parish Sheriff's Office were patrolling the Westwego area of the parish in an unmarked unit. As they turned onto Poe Street, a known area for drug activity, they observed a vehicle facing them parked in the middle of the street with its headlights on. Two black males, later identified as the defendants, were "leaning in windows" of the vehicle on the driver's side. After Officer Leconte observed "hands pass from the window to the outside to these subjects," the officers pulled up to the parked vehicle, exited their unit and identified themselves as police officers. The defendants began to hurriedly walk away and the vehicle backed up leaving the scene. Officer Leconte with his gun drawn along with Officer Cron called for the defendants to halt and to approach with their hands up; however, the defendants ran in separate directions. Thereafter, each officer pursued a defendant on foot.
While in pursuit of Lynch, Officer Leconte saw what was later determined to be crack cocaine fall to the ground when Lynch threw an object over a fence. Shortly thereafter, Leconte caught Lynch, handcuffed him and escorted him back to his police unit.
While in pursuit of Gray, Officer Cron observed him discard a small brown medicine bottle. Shortly thereafter Gray was apprehended, handcuffed and returned to the police unit.
Back-up units were called to transport the defendants. Upon their arrival, the officers proceeded to search for the discarded objects. Officer Leconte located a rock of crack cocaine near where he observed Lynch throw an object over the fence. However, he was unable to find the object that flew over the fence. The bottle that Gray discarded was found and contained two rocks of crack cocaine.
On appeal defendants contend that the evidence was abandoned in response to an illegal seizure in that the officers lacked reasonable cause to detain them.
The Fourth Amendment to the United States Constitution and Article 1, Section 5 of the Louisiana Constitution prohibit *1137 unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Belton, supra; State v. Rosales, 537 So.2d 850 (5th Cir.1989). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Belton, supra.
To constitute a seizure of a person under the Fourth Amendment, there must be the application of physical force, however slight, or submission to a police officer's show of authority to restrain the person's liberty. California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); State v. Pittman, 585 So.2d 591 (5th Cir.1991). Here, defendants did not submit to the police officers' show of authority. Upon encountering the police, defendants fled and discarded contraband while fleeing. As in Hodari D., supra, we find the contraband was thus properly seized. Accordingly, the trial court correctly denied the motion to suppress.
Our review of the record for errors patent reveals the trial court erred in failing to give defendants credit for time served as required by LSA-C.Cr.P. art. 880. See also State v. Sherman, 532 So.2d 908 (5th Cir. 1988). Accordingly, the sentence of each defendant is amended to reflect that they be given credit for time served.
For the foregoing reasons, the trial court's denials of the defendants' motions to suppress are affirmed and their sentences are amended to reflect that they be given credit for time served.
AMENDED TO GIVE CREDIT FOR TIME SERVED AND, AS AMENDED, AFFIRMED.