615 So.2d 385 (1993)
STATE of Louisiana
v.
Ivory WHEELWRIGHT.
No. 92-KA-697.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1993.
Writ Denied June 18, 1993.
*386 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Ginger Berrigan, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOWES, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Ivory Wheelwright, was charged with possession of cocaine in violation of LSA-R.S. 40:967 C. He was found guilty as a result of a jury trial and sentenced to five (5) years at hard labor.
A multiple offender bill was filed and Wheelwright entered a plea of guilty. The original sentence was vacated and he was sentenced to seven (7) years at hard labor.
He now appeals and assigns three (3) assignments of error.

FACTS
On January 17, 1992, Sergeant Henry Saacks and Deputy Darryl Sherman were patrolling a high crime area on the East Bank in Jefferson Parish. The officers were traveling east on Mistletoe Street which runs parallel to the Airline Highway close to David Drive. Although they were traveling in an unmarked white LTD, both officers were wearing police uniforms.
*387 While on patrol at approximately 10:50 p.m. they observed two black males standing on the sidewalk in the 7400 block of Mistletoe Street. The men were about 15-20 feet from the police car, and they were facing each other. One was wearing a white and gray (or tan) jacket, and the other man was wearing a blue jacket and blue jeans. Both officers testified that the man they observed wearing the white and grey jacket was the defendant, Ivory Wheelwright. The officers observed the man in blue as he handed something to the defendant. Immediately thereafter Wheelwright turned around and noticed the officers. He then began to run away. Sergeant Saacks stopped the car, and the officers began to chase the defendant. During the chase Saacks observed the defendant as he removed the white and gray jacket and dropped it to the ground. Underneath the first jacket Wheelwright was wearing a burgundy and gray jacket, and Officer Saacks notified the other officer of the change in the defendant's clothing description by using his radio. He then retrieved the jacket. Saacks began to search the jacket for weapons, and he discovered a clear plastic bag containing a white powder which he believed to be cocaine. By this time Officer Saacks had lost sight of the defendant. Officer Sherman was also chasing Wheelwright. Although Sherman had lost sight of the defendant during the chase, he had regained sight of Wheelwright in the burgundy and gray jacket, and he observed the defendant as he dove underneath a house. Wheelwright was then apprehended underneath the house by Officer Sherman and another officer. A preliminary field test of the substance found in the jacket showed that it was positive for cocaine, and Wheelwright was placed under arrest.
Rose Tate of the Jefferson Parish Sheriff's Office Crime Laboratory was qualified as an expert in the field of Chemistry, and she positively identified the substance which was found in the jacket as cocaine.
The defense presented one witness, Edward Leonard, Jr. Mr. Leonard is a long time friend of Wheelwright. He testified that the defendant was wearing the burgundy and gray jacket earlier in the evening. Leonard also stated that he witnessed the arrest of Wheelwright and that the defendant was not wearing a white and gray jacket at the time of the arrest.

ASSIGNMENT OF ERROR NUMBER ONE
The seizure of the cocaine was illegal in that the property was abandoned as a direct result of an improper search; therefore, the cocaine was inadmissible.

DISCUSSION
In this assignment the defendant asserts that the cocaine was obtained as a result of an improper search and should not have been admitted into evidence by the trial court. In order to invoke the rule excluding evidence obtained through an illegal search and seizure, a defendant must file a pre-trial motion to suppress the evidence under La.C.Cr.P. art. 703.
The Louisiana Supreme Court has held that the motion to suppress is a pre-trial motion and Article 703 does not permit such a motion to be filed after trial. See State v. Quimby, 419 So.2d 951 (La. 1982).
Since the defendant in the present case has not filed a motion to suppress at any time before, during or after trial, he cannot now complain on appeal that the objects were seized pursuant to an unconstitutional search.
Nevertheless, even if Wheelwright had filed his motion to suppress on time, the cocaine seized by the officer was not the fruit of an illegal seizure of the defendant. To constitute a seizure of a person under the Fourth Amendment, there must be the application of physical force, however slight, or submission to a police officer's show of authority to restrain the person's liberty. California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). If property is abandoned without a "prior unlawful intrusion into a citizen's right to be free from governmental interference, then such property may be lawfully seized." State v. Belton, 441 So.2d 1195, 1199 (La.1983). In two recent decisions based on facts similar *388 to the present case, this court has followed the Supreme Court's decision in Hodari D. [See State v. Gray, 589 So.2d 1135 (La. App. 5th Cir. 1991), writ denied, 594 So.2d 1315 (La.1992), and State v. Pittman, 585 So.2d 591 (La.App. 5th Cir.1991), writ denied, 586 So.2d 545 (La.1991).] Thus, Wheelwright was not seized until he was removed from beneath the house by the police, and the cocaine which he abandoned prior to his seizure was lawfully seized by Officer Saacks.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
The evidence presented at trial was insufficient to support a verdict of guilty of possession of cocaine.

DISCUSSION
In this assignment, the defendant challenges the sufficiency of the evidence which was used to convict him of possession of cocaine. The defendant's brief specifically challenges the sufficiency with regard to the identification of Wheelwright by the officers.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof sufficient for any rational trier of fact, reviewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.1990).
Encompassed in proving the elements of the offense is the necessity of proving the identity of defendant as the perpetrator. Employing the Jackson standard set forth, supra, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Duvio, 511 So.2d 821 (La.App. 5th Cir.1987).
Defendant was charged with possession of cocaine, and the jury returned a guilty verdict. LSA-R.S. 40:967C defines possession of cocaine as follows:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.
The facts clearly indicate that all of the elements of possession of cocaine are present if this defendant did in fact commit the acts in question. The appellant's brief does not question that determination, however, the appellant does contend that the victim's identification by the two officers is insufficient to support a conviction of this particular defendant.
The following identification evidence was adduced at trial in the present case. Officer Saacks testified that on the night Wheelwright was arrested he had a good view of the defendant at the point where he dropped his jacket. Although the officer lost sight of Wheelwright after retrieving the jacket, he was positive that the man apprehended underneath the house was the same man who dropped the jacket. Saacks identified Wheelwright in the courtroom as the person he observed on the night of the arrest.
In addition Officer Sherman testified that the night of the arrest was a clear night and the street was well lit. He stated that as they approached the defendant he turned and looked at the officers. At that point, Sherman said that he "had a good look at his (Wheelwright's) face," and the officer was positive that the defendant was the man he observed from the car. Sherman also identified Wheelwright in the courtroom as the man he arrested on January 17, 1992.
Edward Lee Leonard, a childhood friend of Wheelwright, testified for the defense in order to contradict the testimony of the officers. He testified that the defendant was not wearing a white and tan jacket on the night of the arrest. Leonard stated that Wheelwright was wearing a burgundy and gray jacket at all times, and the police *389 drove up and arrested him as he was walking down the street.
The jury chose to believe the testimony of the officers that the defendant was the person the officers had seen and chased wearing the white jacket which contained cocaine. It is not the function of the appellate court to evaluate the credibility of witnesses or to overturn the trier of fact in its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983).
Viewing the evidence in the light most favorable to the prosecution, the State has proven beyond a reasonable doubt all of the elements necessary to sustain defendant's conviction for possession of cocaine.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
The trial judge failed to advise the defendant of his right to remain silent at the habitual offender hearing.

DISCUSSION
In this assignment, counsel for the defendant asserts that the habitual offender proceeding was improperly conducted because the trial judge did not advise the defendant of his rights prior to entering his plea of guilty.
In State v. Johnson, 432 So.2d 815 (La. 1983), writ granted, 438 So.2d 1113 (La. 1983), appeal after remand, 457 So.2d 1251 (La.App. 1st Cir. 1984), appeal after remand, 471 So.2d 1041 (La.App. 1st Cir. 1985), the Louisiana Supreme Court discussed the requirements of LSA-R.S. 15:529.1(D), supra, stating as follows:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.2 before the defendant can be sentenced as a habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a `formal hearing' and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
Although the trial judge did not specifically state to the defendant that he had the right to remain silent, the record discloses that his defense counsel informed the court that his client wished to plead guilty to the charge and would stipulate to the prior convictions. At which time the trial judge addressed the defendant who stated he agreed with the plea and that he understood his right to a hearing and that he wished to waive the hearing and enter his plea.
Accordingly, we find that the defendant had intelligently waived his rights and entered the plea to the multiple bill.
This assignment lacks merit.
Accordingly, for the above assigned reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.