643 So.2d 1319 (1994)
STATE of Louisiana
v.
Terrance CARRUTH.
No. 94-KA-147, 94-KA-148.
Court of Appeal of Louisiana, Fifth Circuit.
September 27, 1994.
*1320 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOWES, GAUDIN, and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Terrance Carruth, was charged with possession of cocaine LSA-R.S. 40:967 C and with one count of resisting an officer, LSA-R.S. 14:108, and one count of battery of a police officer, LSA-R.S. 14:34.2.
He proceeded to a bench trial, having waived his right to a jury trial, and was found guilty as charged on all three counts. He was sentenced to two years at hard labor on the cocaine possession charge with credit for time served, and to serve six months in the Parish Prison on the charge of resisting arrest and six months in Parish Prison for the battery of a police officer, all sentences to run concurrently with each other.
The District Attorney then filed proceedings to have the defendant adjudicated a multiple offender and sentenced accordingly. After the court conducted a hearing, the judge vacated the defendant's previous two year sentence on the possession of cocaine charge and thereafter sentenced the defendant to three years at hard labor, to run consecutive with a sentence imposed in district court case number 92-5342.
*1321 Counsel for defendant filed an appellate brief and appears to be trying to follow the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Subsequent to the Anders decision, the United States Fifth Circuit Court of Appeal, in Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990), concluded that an indigent defendant was denied effective assistance of counsel on appeal because his counsel filed a brief which did not assert arguable error but merely requested patent error review. In doing so, defense counsel effectively withdrew from the case without complying with the requirements of Anders, set forth supra.
In an effort to comply with the Lofton decision, the Louisiana Fourth Circuit Court of Appeal adopted an internal rule which governs the processing of errors patent cases. In State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), the Fourth Circuit discussed its internal rule and set forth the procedures adopted in its effort to comply with Anders v. California, supra, and Lofton v. Whitley, supra.
In State v. Benjamin, supra, the Fourth Circuit stated:
Counsel is required to review the district court record thoroughly and present any claim with arguable merit to this court. However, this court will not require appointed counsel to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous and thus undermine his client's position. Indigent defendants have the right to be assisted by an appellate attorney exercising professional competence and judgment. We are convinced that indigent appellants receive such assistance when an attorney, exercising professional competence and judgment after a conscientious and thorough review of the record, concludes that there are no non-frivolous issues to raise on appeal and no rulings which arguably support the appeal. This is the same exercise in judgment made by an appointed or retained appellate attorney who finds one arguable issue but no other non-frivolous issues to raise on appeal. Counsel should, and must, raise whatever issues "arguably support the appeal", including arguments for change in established law when a valid basis for advocating such change exists. However, counsel need not raise issues believed to be without merit and not even arguably supportive of the appeal.
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
State v. Benjamin, supra at pp. 530-531.
The procedure set forth in State v. Benjamin, supra, has been cited with approval by the Louisiana Supreme Court. See State v. Royals, 620 So.2d 826 (La.1993); State v. Smith, 620 So.2d 826 (La.1993); State ex rel. Hawkins v. Criminal District Court, Parish of Orleans, Section J, 629 So.2d 421 (La. 1993); State v. Watkins, 617 So.2d 921 (La. 1993).
In accordance with the request of counsel we have reviewed the entire record for errors patent.
Although a review of the two records reveals various errors patent, none of those *1322 errors constitutes reversible error. Each record will be discussed separately.

No. 94-KA-147 (Possession of Cocaine, LSA-R.S. 40:967 C)
The commitment and minute entry reflecting defendant's original sentencing for his possession of cocaine conviction states that defendant withdrew his plea of not guilty and entered a guilty plea. Defendant's conviction, however, resulted from a bench trial. That discrepancy is harmless because defendant's original sentence was vacated when the trial court subsequently imposed an enhanced sentence on defendant as a multiple offender.
According to the transcript of the multiple offender proceeding, the trial judge imposed on defendant an enhanced sentence of three years at hard labor, subject to credit for time previously served. Defendant's sentence, as a second offender, does not prohibit probation or suspension of sentence as required by LSA-R.S. 15:529.1(G) of the Multiple Offender Statute. However, that sentencing discrepancy does not constitute error because the trial court did not, in fact, suspend defendant's sentence or place him on probation. State v. McDonald, 562 So.2d 25 (La.App. 5th Cir.1990).
Finally, the transcript of the multiple offender proceeding indicates that the trial judge did not specifically explain defendant's rights to him prior to accepting his guilty plea. State v. Johnson, 432 So.2d 815 (La. 1983), writ granted, 438 So.2d 1113 (La.1983), appeal after remand, 457 So.2d 1251 (La. App. 1st Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1st Cir.1985). However, the transcript discloses that defendant's counsel advised the court that his client wished to plead guilty and would stipulate to the prior conviction. The judge advised defendant of the sentence he intended to impose and then addressed defendant, who stated that he agreed with the stipulation and with the plea on the multiple bill. Considering this exchange among the trial judge, defendant and his counsel, the record establishes that the defendant intelligently waived his rights and entered the guilty plea to the multiple bill. State v. Wheelwright, 615 So.2d 385 (La.App. 5th Cir.1993), writ denied, 619 So.2d 576 (La.1993).

No. 94-KA-148 (Resisting an Officer, LSA-R.S. 14:108, and Battery of a Police Officer, LSA-R.S. 14:34.2
As a preliminary observation, it should be noted that defendant is not entitled to an appeal or an error patent review on these misdemeanor convictions. Nevertheless, this court has on occasion in the past considered a misdemeanor appeal as an application for supervisory review of the case and has conducted an error patent review. See State v. Brooks, 595 So.2d 777 (La.App. 5th Cir.1992).
As in the companion case, the commitment and the minute entry for defendant's sentencing on the misdemeanor convictions indicate that defendant withdrew his not guilty plea and entered a guilty plea. This discrepancy is obviously inaccurate, in light of the bench trial in this case. Moreover, the commitment and the minute entry appear to indicate that defendant received a single sentence of 6 months in parish prison, despite being convicted on two misdemeanor counts. Nevertheless, the sentencing transcript, which prevails under State v. Lynch, 441 So.2d 732 (La.1983), discloses that the trial judge imposed a six-month parish prison sentence for each of the defendant's misdemeanor convictions.
Based on an error patent review of the records, as requested, this assignment of error has no merit.
Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED.