665 So.2d 477 (1995)
STATE of Louisiana
v.
Franklin BROWN, Jr.
No. 95-KA-377.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
*478 John M. Mamoulides, District Attorney, Terry M. Boudreaux, Assistant District Attorney, 24th Judicial District for the Parish of Jefferson, State of Louisiana, Gretna, for Appellee.
Bruce W. Harris, New Orleans, for Appellant.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
The defendant, Franklin Brown, Jr., was charged by bill of information with one count of simple burglary and one count of simple robbery. The state amended count two of the bill of information to charge defendant with purse snatching. Brown later pled guilty to simple burglary and purse snatching. Immediately after Brown entered his guilty plea, the state filed an habitual offender bill of information, alleging that Brown was a second felony offender. The trial judge determined Brown admitted to the prior felony conviction, and adjudicated him a multiple offender. Pursuant to a plea bargain, the court sentenced Brown to twelve years at hard labor on the simple burglary charge. The judge also sentenced Brown, as an habitual offender, to twenty years at hard labor on the purse snatching charge, without benefit of probation or suspension of sentence. The sentences were ordered to run concurrently with each other and concurrently with the sentence imposed in case number 95-5705 in the 24th Judicial District Court. The judge afforded Brown credit for time served. Brown filed a motion for appeal. We affirm in part, vacate in part, and remand for resentencing.
Brown now assigns the following errors:
1. The trial court committed reversible error by imposing an unconstitutionally excessive sentence which was grossly disproportionate to the severity of the crime, and also not considering the Louisiana Sentencing Guidelines, stating for the record the considerations taken into account and the factual basis for the imposition of this particular sentence;
2. The trial court committed reversible error in failing to caution the defendant as to his constitutional rights before accepting a plea of guilty to the multiple bill of information, and
3. The State failed to present any evidence to prove that the defendant had a prior felony conviction and that the defendant's plea in the previous crime alleged in the multiple bill was made voluntarily and with an awareness of its consequences. Therefore the trial court committed reversible error in accepting the defendant's guilty plea without proof of a prior conviction and a valid waiver.
Brown complains that his sentence of twenty years for purse snatching is violative of his constitutional right against excessive punishment, and that the court erred in failing to consider the Louisiana Sentencing Guidelines.
La.Code Crim.Proc. art. 881.2(A)(2) provides:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
Further, it is established jurisprudence that when a specific sentence has been agreed upon pursuant to a plea bargain, that sentence cannot be challenged on appeal as excessive, and there is no need for the trial judge to state on the record his reasons for the sentence as required by La.Code Crim. Proc. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982). The record discloses Brown agreed to his sentence as part of a plea agreement. Therefore, this assignment lacks merit.
Brown also contends the trial court erred in failing to advise him of his rights before accepting Brown's admission to the predicate felony alleged in the state's habitual offender bill.
In State v. Johnson, 432 So.2d 815, 817 (La.1983), the Supreme Court discussed the *479 requirements of La.R.S. 15:529.1(D) as follows:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
The failure to advise the defendant of these rights has been found to be harmless error where the multiple offender status is established by competent evidence offered by the state at the hearing rather than by admission of the defendant. State v. Palmer, 93-1027 (La.App. 5 Cir. 4/26/94), 636 So.2d 1091, 1093.
At Brown's multiple bill proceeding, held immediately after the court accepted his guilty plea, the following exchange ensued:
MR. ALTERMAN (assistant district attorney):
Well, the State would at this time file a multiple bill, I've provided the original copy signed by Mr. Hesni. And that bill would allege that the defendant is a second offender, having previously plead (sic) guilty, as I stated earlier, in case number 285-181 docket of Division E, Criminal District Court of the Parish of Orleans, the prior conviction being armed robbery, and that plea was on November 16, 1981, where he received a ten year sentence of hard labor, and that sentence falling within the time frame, and ask that the Court and I've provided this to counsel, and ask that the Court impose sentence in pursuant to 15:529.1. And as part of this plea, I believe the defense wanted to admit his prior conviction to armed robbery, and stipulate to the billthe second offender multiple bill of information.
THE COURT:
Mr. Harris, he enters a plea of guilty to that, he submits?
MR. HARRIS (defense counsel):
Yes, Your Honor.
MR. BROWN:
Yeah.
THE COURT:
Then based on the submission, the Court will order the bill be filed, as well as the conviction. You've got the conviction?
MR. ALTERMAN:
We'll supplement that, Your Honor. That's one of the things they're getting out of microfilm out of New Orleans. And we will supplement the record[1] with a copy of the certified conviction and bill of information and minute entries from New Orleans.
THE COURT:
You consent to that, Mr. Harris.
MR. HARRIS:
Yes, Your Honor, we consent to it.
THE COURT:
And you concur with what your attorney has placed here on the record, Mr. Brown?
MR. BROWN:
Yes, Your Honor.
THE COURT:
Then based on that concurrence, then the Court will find the defendant, I guess, guilty under the bill.
Although Brown was "Boykinized" prior to pleading guilty to the substantive offenses, there no indication in the record that he was informed either by the court or by counsel of his rights to a hearing and to remain silent before he entered his admission to the multiple bill. Under item 18 of the waiver of *480 rights form signed by Brown upon his guilty plea to the substantive charges, the assistant district attorney noticed his intention to file an habitual offender bill. The waiver of rights form does not, however, include any information regarding defendant's rights to a multiple bill hearing and to remain silent.
Under State v. Johnson, supra, the defendant was not sufficiently advised of his rights before he admitted to the allegations in the multiple offender bill. State v. Johnson is distinguishable from State v. Wheelwright, 615 So.2d 385 (La.App. 5th Cir.1993), writ denied, 619 So.2d 576 (La.1993), and State v. Carruth, 94-147, 94-148 (La.App. 5th Cir. 9/27/94), 643 So.2d 1319. In those two cases this court found no error under circumstances which showed there had been an intelligent waiver of the rights.
In State v. Wheelwright, supra, the defendant pled guilty to a multiple offender bill where the trial judge failed to specifically inform him of his right to remain silent. The Wheelwright court explained that, although the trial judge did not specifically explain that the defendant had the right to remain silent, the record disclosed that defense counsel informed the court that his client wished to plead guilty to the charge and would stipulate to the prior convictions. The trial judge then addressed the defendant, who stated that he agreed with the plea, that he understood his right to a hearing and that he wished to waive the hearing and admit to the allegations in the bill. This court found that the defendant had intelligently waived his rights before admitting to the allegations in the multiple bill.
In State v. Carruth, supra, this court noted that the transcript of the defendant's multiple bill hearing showed that the trial judge did not specifically explain defendant's rights to him prior to accepting his guilty plea. However, the transcript showed that the defendant's counsel advised the court that his client wished to plead guilty and would stipulate to the prior conviction. The judge advised the defendant of the sentence he intended to impose and then addressed the defendant, who stated that he agreed with the stipulation and with the plea on the multiple bill. This court concluded that "[c]onsidering this exchange among the trial judge, defendant and his counsel, the record establishes that the defendant intelligently waived his rights and entered the guilty plea to the multiple bill." State v. Carruth, 643 So.2d at 1322.
In the instant case, however, the record is devoid of any indication of an explanatory exchange indicating Brown intelligently waived his rights. It is unclear from the colloquy the exact nature of Brown's acquiescence.
This case is factually similar to that of State v. Pierce, 585 So.2d 626 (La.App. 2nd Cir.1991). In State v. Pierce the court vacated the defendant's adjudication as a multiple offender based on an inadequate advice of rights, finding as follows at 629:
The record before us, specifically the colloquy between the trial court and the defendant, demonstrates that not only did the trial court fail to inform the defendant of his right to remain silent but it also required the defendant to acknowledge or refute his alleged status as a second felony offender before it informed the defendant of his right to a hearing. Furthermore, we note that the record is devoid of any other evidence substantiating the defendant's prior criminal record. Consequently, the defendant's habitual offender adjudication and sentence must be vacated, and the matter remanded for proceedings consistent with this opinion. (Citations omitted).
As in Pierce there is nothing in the multiple bill transcript in the instant case to indicate that the defendant was apprised of his rights, by either the court or his attorney, before he entered his admission. Furthermore, the judge asked Brown to admit to the predicate conviction without having informed him of his right to remain silent. This constitutes reversible error under State v. Johnson, supra. Additionally, there is no other evidence as to Brown's prior criminal record.
In State v. Harris, 95-0900 (La. 5/19/95), 654 So.2d 680 a sworn affidavit was introduced in addition to the stipulation of prior felony convictions. In upholding the multiple bill adjudication and sentence the Harris court viewed the proceedings as a whole to *481 determine whether the defendant was afforded fundamental fairness and due process.
We conclude from our review of the proceedings as a whole the Harris standard was not met.
Accordingly, for the reasons stated, the defendant's convictions are affirmed. His adjudication and sentence as a multiple offender is vacated and this matter is remanded for a multiple offender hearing and resentencing.
CONVICTIONS AFFIRMED; MULTIPLE BILL SENTENCE VACATED; CASE REMANDED FOR REHEARING ON MULTIPLE BILL.
NOTES
[1] No supplementation was made. The state notes in brief that none was ever requested by defense counsel.