708 So.2d 1093 (1998)
STATE of Louisiana
v.
Nathaniel ROSE.
No. 97-KA-943.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
*1094 Paul D. Connick, District Attorney, Terry M. Bureaux, Assistant District Attorney, Gretna, for Plaintiff-Appellee.
Bruce G. Whittaker, Indigent Defender Board, Gretna, for Defendant-Appellant.
Before BOWES, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
This case is presently before this Court on a second appeal. On November 28, 1995, in an unpublished opinion, this Court affirmed defendant's Jefferson Parish conviction of distribution of cocaine (LSA-R.S.40:967 A), but vacated the enhanced sentence and remanded for resentencing.
On remand, defendant pled guilty to the habitual offender bill, but conditioned the plea under State v. Crosby, 338 So.2d 584 (La.1976) reserving his right to appeal the habitual offender bill as defective and untimely. Thereafter, the trial court sentenced defendant as a third felony offender to twenty years at hard labor. Subsequently, defendant applied for post-conviction relief, was granted an out-of-time appeal, and was appointed counsel for the appeal.
On appeal, defendant's appointed counsel has filed an Anders[1] brief, stating that he found no non-frivolous issues which arguably support the appeal and requesting that he be allowed to withdraw as counsel. This court denied the motion to withdraw and instructed appellate counsel to file a brief addressing defendant's motion to quash the habitual offender bill of information. Thereafter, defense counsel filed another brief addressing the motion to quash. After doing so, defense counsel again asserted that he found no non-frivolous issues which arguably support the appeal. He thereafter requested that he be allowed to withdraw as counsel, and then assigned as error any and all errors patent. The duty of an appellate court in reviewing an Anders appeal is to determine whether there are any non-frivolous issues which would arguably support an appeal. State v. Jiron, 96-319 (La.App. 5 Cir. 10/1/96), 683 So.2d 769. After conducting an extensive independent review of the record in this case, we find no non-frivolous issues which would arguably support an appeal.
Having conducted our own review of the record, we now turn our attention to the pro se supplemental brief filed by defendant identifying those issues on appeal which he felt to be non-frivolous. In his first assigned error, defendant contends that the trial court erred in failing to advise him of his right to remain silent before he stipulated to the habitual offender bill of information.
Louisiana jurisprudence has consistently held that in a multiple offender proceeding, a trial court must advise a defendant of his right to a hearing at which the state is required to prove the allegations of the multiple bill, and of the right to remain silent. LSA-R.S. 15:529.1(D); State v. Johnson, 432 So.2d 815 (La.1983).
In the present case, although the trial judge did not specifically advise defendant of his right to remain silent, the record discloses that defense counsel informed the court that his client wished to plead guilty to the charge and would stipulate to the prior convictions. The transcript from the proceedings reveals that the terms of the guilty plea to the multiple offender bill were thoroughly discussed in court, including the specific elements to which defendant was stipulating. Also the trial judge specifically addressed defendant to make sure that he understood the terms of the stipulation. Considering the exchange that took place among the parties, we find that defendant intelligently waived his rights and entered the guilty plea to the multiple bill. See State v. Wheelwright, 615 So.2d 385 (La. App. 5 Cir.1993), writ denied, 619 So.2d 576 (La.1993); State v. Carruth, 94-147, 94-148 (La.App. 5 Cir. 9/27/94), 643 So.2d 1319; State v. Jackson, 96-783 (La.App. 5 Cir. 1/28/97), 688 So.2d 123.
*1095 By his second assigned error, defendant contends that the trial court improperly denied his motion to quash the multiple offender bill of information without a hearing on the grounds that it was untimely filed.
In this case, defendant's motion to quash was filed on April 12, 1996, almost three years after his arraignment on the multiple bill. Thus, the motion was untimely filed, LSA-C.Cr.P. arts. 535 and 521, and the trial court did not err in denying defendant's motion to quash the habitual offender bill of information without a hearing.
By his third assigned error, defendant argues that his trial counsel was ineffective because trial counsel stipulated to defendant's identity at the multiple offender hearing without his consent.
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal, so as to afford the parties an evidentiary hearing before the trial court and create an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987). Where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La.1989). However, where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. State v. Hart, 96-0697 (La.3/7/97), 691 So.2d 651. Here, the record does not contain sufficient evidence for this Court to consider defendant's claim of ineffective assistance of counsel, and this claim should be raised in an application for post-conviction relief.
In his final assigned error, defendant contends that the State failed to carry its burden of proof by insufficient evidence to support an enhanced sentence pursuant to the provisions of R.S. 15:529.1. Defendant contends that the state failed to prove his status as a third felony offender because the state did not show that his prior guilty pleas were entered into knowingly and voluntarily. Defendant also contends that the proof was insufficient on the grounds that the state failed to introduce certified copies of the bills of information of his prior convictions.
The defendant entered into a plea agreement with the state and stipulated that he was a third felony offender. Although defendant entered a Crosby plea, the record reflects that he reserved only the right to appeal the issue of whether the multiple bill was timely filed and the issue of whether the bill was defective because it included a 1975 conviction. Accordingly, defendant's guilty plea to the multiple bill precludes him from raising a claim that the state did not introduce sufficient proof of his status as a multiple offender. State v. Lavigne, 95-0204 (La. App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. Moreover, the exhibit envelope contains certified copies of bills of information and minute entries of both prior guilty pleas. While it is unclear whether these documents were filed in the first or second multiple offender proceeding, the certified copies of the minute entries of the 1987 and 1992 convictions reflect that defendant was represented by counsel when he entered his guilty plea and also that he was advised of his Boykin rights at that time. Accordingly, defendant's final claim is likewise without merit.
We have also reviewed the record for errors patent. Such a review reveals that defendant was not advised of the three-year time limit for filing an application for post conviction relief as required by LSA-C.Cr.P. art. 930.8. However, in the present case, informing the defendant of the provisions of LSA-C.Cr.P. art. 930.8 is unnecessary because the defendant filed a motion for out-of time appeal thus exercising his right to post-conviction relief. See State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.
Accordingly, based on the foregoing discussion, we hereby grant the defense counsel's motion to withdraw and affirm the defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).