1 .EDWARDS, Judge.
Defendant/Appellant Darrell A. Bates appeals the ruling of the trial court adjudicating him as a second felony offender under LSA-R.S. 15:529.1. For the following reasons, we affirm the ruling of the trial court and remand for re-sentencing.
On January 29, 1998, the defendant was charged by bill of information with three counts of distribution of cocaine in violation of LSA-R.S. 40:967A. He originally pled not guilty at his arraignment held on February 17, 1998. On April 30, 1998, the defendant withdrew his former plea of not guilty and entered a plea of guilty as charged before the Honorable Walter E. Kollin of the Twenty-Fourth Judicial District Court. The trial court sentenced the defendant to twenty (20) years at hard labor on each count with the sentences to run concurrent.
Immediately after ‘the defendant was sentenced, the State filed a multiple offender bill of information pursuant to LSA-R.S. 15:529.1 alleging the | ¡¡defendant to be a second felony offender. After a discussion with his attorney, the defendant indicated that he would admit to the allegations alleged in the multiple bill. The defendant was provided with the waiver of rights form to enter a plea of guilty as a second felony offender. The defendant completed and signed the form,'which indicated that he was pleading guilty as a second felony offender and would receive a sentence of twenty (20) years, to run concurrent on each count. After the form was presented to the trial judge, a brief colloquy ensued between the trial judge and the defendant. The trial judge inquired of the defendant if he understood the consequences of the plea. The defendant indicated that he understood that he was pleading guilty as a second felony offender, that his original sentence would be vacated, and that he would be sentenced to twenty (20) years at hard labor. The trial court then vacated the defendant’s original sentence on each of the three counts and re-sentenced him to twenty (20) years at hard labor, to ,run concurrent on each count.
The defendant filed a motion to reconsider sentence, which was subsequently denied by the trial court. Thereafter, the defendant filed a motion for appeal which was granted on May 6, 1998. The matter is now before this Court for review.
LAW AND ANALYSIS.
The defendant assigns two errors for review by this Court. In his first assignment of error, the defendant alleges that trial court failed to advise him of his right to a formal hearing on the allegations of a habitual offender bill, his right to have the State prove the allegations, and his right against self-incrimination, thus violating his constitutional rights. In his second *1006 assignment of error, the defendant alleges that he was denied due process of law and was ^prejudiced by trial counsel’s constitutionally ineffective assistance. Both of these allegations are without merit and the ruling of the trial court must be affirmed.
In the first assignment of error, the defendant argues that his being found a multiple offender should be vacated because the trial court failed to advise him of his rights prior to accepting his admission to the allegations contained in the multiple offender bill of information and the State failed to present evidence of the cleansing period. It is evident in the record that the defendant did complete and sign the waiver of rights form provided to him by the trial court. This form explicitly set forth the rights that the defendant waived when he admitted and pled guilty to the allegations contained in the multiple offender bill of information.
Louisiana Revised Statute 15:529.1D sets out the required procedure for finding a defendant to be a multiple offender. A defendant’s rights in a multiple offender proceeding were discussed by the Louisiana Supreme Court in State v. Johnson, 432 So.2d 815 (La.1983), as follows:
“This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the State must then by competent evidence prove the elements of R.S. 15:529.2 before the defendant can be sentenced as a habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a ‘formal hearing’ and to have the State prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.”
In the present case, the district attorney filed the multiple offender bill of information immediately after the defendant pled guilty to the substantive offenses. The multiple offender bill of information alleged that on March 16, 1994 defendant pled guilty to violating LSA-R.S. 40:967C. In the colloquy |5between the trial judge and the defendant, the defendant acknowledged that he signed the waiver of rights form and that he understood that he was a second felony offender. He also acknowledged that he was aware that the trial court would vacate his original sentence and impose a sentence of twenty (20) years at hard labor.
The defendant claims that the court did not afford him the opportunity to intelligently waive his rights in admitting the allegations contained in the multiple bill of information. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. State v. Wheelwright, 615 So.2d 385 (La.App. 5th Cir.1993). R.S. 15:529.1(D) specifically provides that the defendant be advised by the court of his right to a “formal hearing” and to have the State prove its ease. Id. at 389. Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent. Id.
In the case of State v. Rose, 97-943 (La.App. 5th Cir. 1/27/98), 708 So.2d 1093, this Court determined that although the trial judge did not specifically advise the defendant of his light to remain silent, the record reflected that the defendant intelligently waived his rights and entered the guilty plea to the multiple bill. The trial judge specifically addressed the defendant to make sure that he understood the terms of the stipulation. Id. at 1094. See also State v. Jackson, 96-783 (La.App. 5th Cir. 1/28/97), 688 So.2d 123 and State v. Wheelwright, supra.
*1007 This Court’s decision in the case of State v. Brown, 95-377 (La.App. 5th Cir. 11/15/95), 665 So.2d 477 must be distinguished from the facts of the present | ficase. In Brown, the record was devoid of any indication of an explanatory exchange indicating Brown intelligently waived his rights. Id. at 480. It was unclear from the colloquy the exact nature of Brown’s acquiescence. Id. Furthermore, the waiver of rights form signed by Brown did not include any information regarding his rights to a multiple bill hearing and to remain silent. Id. This Court determined that the defendant’s adjudication and sentence as a multiple offender would be vacated and the matter remanded for a multiple offender hearing and re-sentencing. Id.
The present case must be distinguished from the Brown decision because in this case the record indicates that the defendant intelligently waived his rights and was referred to the waiver of rights form which he had just signed. The form includes information regarding the defendant’s rights to a multiple bill hearing and his right to remain silent, unlike the form used in Brown.
The defendant knowingly and intelligently waived his rights and admitted to the prior crime for the purposes of the multiple bill of information. The defendant’s argument is without merit and the judgment of the trial court must be affirmed.
The defendant also argues that the multiple offender finding should be vacated because the State failed to present evidence of the cleansing period. LSA-R.S. 15:529.1C provides that:
“This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.”
|7In State v. Williams, 522 So.2d 1171 (La.App. 4th Cir.1988), the Louisiana Fourth Circuit Court of Appeal held that an admission of guilt relieves the 'State’s burden of putting on evidence concerning the cleansing period. Additionally, in this case, the date of the predicate offense is March 16, 1994 and this Court has held that proof of the discharge dates on the predicate offenses is unnecessary - if the predicate offenses fall within the cleansing period. State v. Raymond, 98-119 (La.App. 5th Cir. 8/25/98), 718 So.2d 1010; State v. Simmons, 95-309 (La.App. 5th Cir. 10/18/95), 663 So.2d 790.
The defendant’s admission to the allegations in the multiple offender bill of information relieved the State of the burden of presenting evidence concerning the cleansing period. The defendant’s argument is without merit and the judgment of the trial court must be affirmed.
In the second assignment of error, the defendant claims that he was denied effective assistance of counsel. The defendant alleges that his counsel was ineffective because he failed to file discovery regarding the multiple offender bill of information and failed to object to the State’s failure to present proof of the prior predicate conviction.[1]
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed *1008 through an application for post conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987); State v. Brown, 384 So.2d 983 (La.1980). It is well settled, however, that where the | ¡¿record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5th Cir.1989); writ denied, 546 So.2d 1212 (La.1989).
In the present case, the defendant argues that trial counsel failed to investigate the predicate offense prior to advising him to admit the allegations in the multiple offender bill of information. There is no evidence in the record to determine the extent of trial counsel’s investigation of the defendant’s predicate offense and whether that investigation, or lack thereof, constituted ineffective assistance of counsel. This Court has previously held that where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. State v. Rose, supra at 1095. Taking the facts of this case into consideration, it is the opinion of this Court that the claim of ineffective assistance of counsel should be raised in an application for post-conviction relief.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). There are two patent errors in the record which must be remanded to the trial court for consideration.
The first patent error is an error arising out of the defendant’s sentencing. As part of the habitual offender proceedings, the trial court vacated the defendant’s sentences on each of the three counts which make up the substantive offenses and re-sentenced the defendant to one twenty (20) year sentence as a multiple offender. The correct procedure would have been to vacate the sentence Ron only one of the three' counts and re-sentence the defendant on that one count as a multiple offender. LSA-R.S. 15:529.1; See State ex rel. Berry v. State, 96-0367 (La.5/16/97), 693 So.2d 787; State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991); State v. Sherer, 411 So.2d 1050 (La.1982). Therefore, the- matter must be remanded to the trial court for re-sentencing on the two remaining counts. See State v. Brown, 95-124 (La.App. 5th Cir. 5/30/95), 656 So.2d 1070 and State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986).
The second patent error is the lack of notification for post-conviction relief. Louisiana Code of Criminal Procedure article 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The trial court in this case did not so inform defendant. The trial court must remedy this error by informing the defendant during the re-sentencing.
Louisiana Revised Statute 15:529.1G provides that any “sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence.” The sentencing transcript in this case shows the trial judge failed to so stipulate. In addition, LSA-R.S. 40:967B(4)(b) provides that the first five years of a sentence imposed under that section must be served without benefit of .parole, probation, or suspension of sentence. Under the foregoing statutes, the court should have mandated that five years of defendant’s sentence be served without benefit of parole, probation, or suspension of sentence. In State v. Washington, 563 So.2d 530, 533 (La.App. 5th *1009 Cir.1990), this Court addressed the same issue as follows:
|in“lmtially, we note that the defendant’s enhanced sentence was not specifically imposed without benefit of probation or suspension of sentence as required by La.R.S. 15:529.1G. However, since the trial court did not, in fact, suspend any portion of the sentence or impose any probationary period, we find substantial compliance with the sentencing directives in the multiple offender guidelines.”
In the present case, the trial court did not affirmatively grant a probationary period or suspension of sentence. Thus, the court was in substantial compliance with the statute. Regarding the court’s failure to specifically deny defendant parole eligibility, this Court has previously held that where the State “fails to raise the issue by motion or argument to the Court, the error will not be corrected on appeal.” State v. Lassere, 95-1009 (La.App. 5th Cir. 10/1/96), 683 So.2d 812; writ denied, 96-2655 (La.4/18/97), 692 So.2d 445; State v. Bannister, 95-172 (La.App. 5th Cir. 6/28/95), 658 So.2d 16. Therefore, this error cannot be corrected on appeal.
In summary, it is the opinion of this Court that the trial court did not err in adjudicating the defendant a second felony offender in accordance with LSA-R.S. 15:529.1. Furthermore, a review of the record does not indicate whether or not trial counsel was ineffective. This issue should be raised in an application for post-conviction relief. Finally, there are two patent errors in the record which dictates that the matter be remanded to the trial court for re-sentencing as explained above.
AFFIRMED AND REMANDED FOR RE-SENTENCING.

. The claim that the State failed to present proof of the predicate offense ignores the effect of an admission to the allegations contained in a multiple offender bill of information. When a defendant admits the allegations in a multiple bill of information, the State is relieved of its burden of proof. See State v. Williams, 522 So.2d 1171 (La.App. 4th Cir.1988).